NOT DESIGNATED FOR PUBLICATION

Nos. 116,688
116,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCEL THOMAS HOWARD WAMSER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed June 30, 2017. Affirmed.


*Stuart N. Symmonds*, of Symmonds & Symmonds, LLC, of Emporia, for appellant.


*Jonathon L. Noble*, assistant county attorney, *Laura Miser*, acting county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., POWELL and GARDNER, JJ.


*Per Curiam*: Marcel Thomas Howard Wamser pled no contest to two counts of battery on a law enforcement officer and one count of battery. The district court granted probation and, in accordance with the parties' plea agreement, imposed a condition that Wamser "maintain compliance with medication requirements" to treat his mental health issues. Wamser now challenges the district court's authority to impose that condition. Finding that Wamser failed to preserve this issue for appeal and that he expressly agreed to the condition, we affirm.

1

*Factual and procedural background*

This appeal stems from two cases, 2016 CR 236 and 2016 CR 241, for incidents that occurred while Wamser was in jail. In the first incident, Wamser was on suicide watch. The lieutenant on duty called the county sheriff's office for backup when she saw that Wamser had ripped apart his suicide gown and tied a piece of it to the sprinkler head in an apparent attempt to hang himself. When Deputy Sheriff Charles Moore responded and entered Wamser's cell, Wamser struck him in the thigh and then struck him in the back. Wamser was charged with two counts of battery of a law enforcement officer, a class A person misdemeanor. Two days later, in case 2016 CR 241, Wamser approached a county correctional officer from behind and struck him in the right ear. Wamser was charged with battery of a county correctional officer, a severity level 5 person felony. The cases were consolidated in plea negotiations and sentencing.

As part of the plea agreement, the State reduced the charge in the second case to battery and Wamser agreed to plead no contest to that charge as well as to the two misdemeanor counts of battery in the first case. One provision of his plea agreement states: "If I remain medication compliant, the State will not oppose my request for probation." Wamser and his counsel signed the agreement.

At the sentencing hearing, the State explained its reasons for including the medication compliance condition. Wamser's counsel agreed that Wamser had untreated mental health issues that contributed to his behaviors. The district court stated from the bench that one condition on Wamser's probation was that he "maintain compliance with any mental health medications or treatment and may be medication compliant as recommended by your treating physician or mental health provider . . . ." The district court then sentenced Wamser to an underlying sentence of 24 months and granted probation in accordance with the plea agreement, noting in the journal entry a special condition that Wamser "maintain compliance with medication requirements." Wamser

2

appeals, challenging the power of the district court to impose this requirement and alleging that the condition impermissibly infringes his constitutional right to privacy.

*Wamser has not preserved this argument for appeal*

Our longstanding rule is that a party must raise an issue at the district court before raising it on appeal. An argument not raised before the district court cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Exceptions to that general rule exist, but they must be expressly invoked by the party asserting the claim. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Kansas Supreme Court Rule 6.02(a)(5) states that if the issue was not raised and ruled on below, the appellant must explain in his or her brief why the issue is properly before the court. (2017 Kan. S. Ct. R. 34); 301 Kan. at 1043. The Kansas Supreme Court has warned that Rule 6.02(a)(5) "means what it says and is ignored at a litigant's own peril." 301 Kan. at 1043-44 (citing *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 [2014]).

Wamser's brief makes no reference to preservation of the issue and does not argue why any exception to our general rule should apply. Accordingly, we decline to reach the merits of this issue. See *Godfrey*, 301 Kan. at 1044 (issues not briefed are waived and abandoned on appeal).

We note that Wamser not only failed to object, but actually expressly agreed to the medication compliance condition. Prior to sentencing, Wamser and his counsel signed the plea agreement containing the condition. At sentencing, Wamser's counsel stated, "We recognize that the untreated mental illness did contribute finally to [Wamser's] behaviors and, likewise, we would join in the State's wishes that with treatment, that this won't happen again." Wamser did not contradict his attorney's statement and he expressly waived his right to allocution, in which he could have raised objections to the condition.

3

For certain fundamental rights, the defendant must personally make an informed waiver. *New York v. Hill*, 528 U.S. 110, 114-15, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000). Wamser did so in signing the plea agreement. Attorneys can waive their clients' rights, including constitutional ones, except for the defendants' decisions whether to testify, whether to take a plea, and whether to appeal. *Hill*, 528 U.S. at 115; *State v. Carter*, 270 Kan. 426, 439, 14 P.3d 1138 (2000). Wamser is bound by his attorney's agreement with the State's position. See *Hill*, 528 U.S. at 115; *Godfrey*, 301 Kan. at 1043-44. (Godfrey's counsel made an affirmative statement at the sentencing hearing, agreeing with the State's interpretation of the plea agreement at issue).

Affirmed.