NOT DESIGNATED FOR PUBLICATION

No. 115,767

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REGINALD WHITERS a/k/a LOGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 14, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Reginald Whiters pled guilty to aggravated battery pursuant to a plea agreement in which the State agreed to dismiss another aggravated battery charge and two alternative counts of driving under the influence. The State agreed not to seek restitution in this case, but Whiters agreed to pay restitution in another criminal case.

At Whiters' sentencing, the court imposed a sentence of 19 months in prison followed by 12 months of postrelease supervision. The court did not order him to pay attorney fees, but it ordered him to pay $1,994.99 in restitution in this current case.

1

Whiters did not object at the time to the restitution order or argue that restitution was unworkable. Whiters now appeals, claiming that the court erred in ordering him to pay restitution.

As a preliminary matter, we note the general rule that an issue not raised before the district court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). An appellant who wishes to raise an issue for the first time on appeal must invoke an exception to this general rule and explain why the issue is properly before the appellate court. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35) states that the contents of an appellant's brief must include

> "[t]he arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. *If the issue was not raised below, there must be an explanation why the issue is properly before the court.*" (Emphasis added.)

In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court warned litigants that those who fail to comply with Rule 6.02(a)(5) risk having issues deemed waived or abandoned. Later, in *Godfrey*, it noted that "[w]e are now sufficiently post-*Williams* that litigants have no excuse for noncompliance with Rule 6.02(a)(5)." *Godfrey*, 301 Kan. at 1044.

Whiters failed to comply with Rule 6.02(a)(5). He makes no effort to articulate any exception to the general rule on appealability. He does not explain why his argument is properly before this court or why it should be considered for the first time on appeal. Thus, he has waived and abandoned this issue.

2

Besides, there is no merit to Whiters' argument that restitution is impractical, inconsistent, and unreasonable. Under K.S.A. 2016 Supp. 21-6604(b)(1), the sentencing court must order restitution unless the court finds "compelling circumstances which would render a plan of restitution unworkable." The burden was on Whiters to present evidence to establish such "compelling circumstances." *State v. Herron*, 50 Kan. App. 2d 1058, 1061, 335 P.3d 1211 (2014), *rev. denied* 301 Kan. 1049 (2015). He made no effort to satisfy this burden. Because Whiters failed to show the restitution order was unworkable, the sentencing court did not abuse its discretion in ordering restitution.

Affirmed.