NOT DESIGNATED FOR PUBLICATION

No. 116,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT EUGENE GILLILAND,
*Appellant*.


MEMORANDUM OPINION


Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed November 3, 2017. Affirmed.

*Martin J. Keenan*, of McDonald Tinker PA, of Wichita, for appellant.

*Brett D. Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., MCANANY and POWELL, JJ.


PER CURIAM: Robert Eugene Gilliland appeals the denial of his presentence motion to withdraw his plea. On appeal, Gilliland raises a different issue than the issue raised before the district court to justify his motion to withdraw his plea. We deem this issue abandoned pursuant to Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). We affirm.


Pursuant to a plea agreement, Gilliland pled guilty to possession of methamphetamine and possession of drug paraphernalia. The district court questioned Gilliland regarding the factual basis for the possession of methamphetamine charge:

1

"THE COURT: Can you tell me what you did that would form the basis of the charge[?]

"THE DEFENDANT: I operated a motor vehicle with methamphetamines in the vehicle.

"THE COURT: Okay. And you knew that it was there?

"THE DEFENDANT: No. I mean I did, but I didn't. That's —

"THE COURT: Okay. And it was within your control.

"THE DEFENDANT: Yes, ma'am. Yeah."

The district court found Gilliland guilty of possessing methamphetamine and paraphernalia.

Before sentencing, Gilliland moved to withdraw his plea because he believed law enforcement was targeting and harassing him. The district court found Gilliland had not shown good cause why his plea should be withdrawn and denied his motion. It sentenced Gilliland to 32 months' imprisonment for possession of methamphetamine and a 12-month jail sentence for possession of drug paraphernalia, to be served concurrently.

Gilliland argues the district court erred when it denied his presentence motion to withdraw his plea. Gilliland claims the plea he entered failed to provide sufficient facts to support the plea because he equivocated when answering whether he knew there was methamphetamine in his vehicle.

Gilliland acknowledges he did not argue before the district court there was an insufficient factual basis for the plea. Generally, issues not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, there are several exceptions to the rule. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or

abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (litigants have no excuse for noncompliance with Rule 6.02[a][5]).

Gilliland failed to explain why this court should consider his argument there was an insufficient factual basis for the plea for the first time on appeal. He has not complied with Rule 6.02(a)(5). Since the Kansas Supreme Court has held Rule 6.02(a)(5) must be strictly enforced, we deem the issue waived or abandoned.

Affirmed.