NOT DESIGNATED FOR PUBLICATION

No. 119,372

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TEILL S. REYNOLDS,
*Appellant*,

v.

KANSAS CITY, KS POLICE DEPT., et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed May 10, 2019. Affirmed.

*Teill S. Reynolds*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, and *Mark A. Dupree Sr.*, district attorney, for appellees.

Before LEBEN, P.J., GREEN and POWELL, JJ.

PER CURIAM: Teill S. Reynolds appealed an order from the Wyandotte County District Court denying his motions for summary judgment, for a writ of mandamus, and for an injunction in a case that was dismissed three years previously for failure to state a claim. Reynolds' failure to comply with Supreme Court rules prevents this court from reaching his arguments on the merits. For this reason, we affirm.

1

Because Reynolds' brief is largely deficient of facts supported by citations to the record, we draw our facts primarily from the State's brief.

This appeal rises from the notice of appeal Reynolds filed in case No. 14 CV 1113. In it, Reynolds apparently appeals an "order denying petitioner's motion for relief" in No. 14 CV 1113 filed February 12, 2018. The State agrees with this assessment. This order is also the only order in the record filed within 30 days of Reynolds' notice of appeal.

In this order, Judge Aaron Roberts detailed Reynolds' extensive filings in the Wyandotte County District Court, United States District Court, and Kansas Court of Tax Appeals (COTA). The State's brief provides more details—supported by citations to the record—about the proceedings Judge Roberts referenced.

Reynolds filed a petition for a writ of mandamus in Wyandotte County District Court in November 2014; this was the beginning of case No. 14 CV 1113. In it, he petitioned for a writ of mandamus compelling the Kansas Department of Revenue (KDOR) to return money it seized as part of a drug tax assessment. The KDOR allegedly got the money from the Kansas City Police Department, and the Kansas City Police Department allegedly seized the money from Reynolds when they arrested him and another resident of his apartment on drug charges. Reynolds maintains that the arrest and seizures were unlawful.

On February 20, 2015, Judge Daniel Duncan dismissed Reynolds' petition for a writ of mandamus for failure to state a claim. Reynolds then filed a "motion of claim and relief" on March 19, 2015. It is unclear how the district court ruled on this motion, but given later events in this case, it seems that the district court denied the motion. On March 31, 2015, Reynolds filed a notice of appeal, appealing the February 20, 2015

dismissal of his petition for a writ of mandamus. According to Judge Roberts' order, this court denied Reynolds' motion to docket that appeal out of time in the spring of 2016.

On August 14, 2016, Reynolds filed a "motion for determination of judgment and/or relief of default and summary judgment." In it, he maintained that because the State allegedly failed to respond to a motion for amendment of judgment and/or relief that he filed in July 2016 in No. 14 CV 1113, the State was in default and he was entitled to summary judgment and return of money he claimed was wrongfully seized. The State responded, opposing the motion. The State considered the motion to be a K.S.A. 60-1507 motion and argued that none of the arguments that Reynolds raised could properly be addressed via a 60-1507 motion. Reynolds responded.

Then, on November 28, 2017, Reynolds filed another motion "for mandamus and injunction persuant [*sic*] to KSA 60-801 & Article 9." Reynolds again sought a court order mandating the return of his seized money. It seems that Judge Roberts' February 12, 2018 order is based on this motion. Judge Roberts concluded:

> "It is clear that Petitioner plans to appeal in perpetuity until he obtains the result he is searching for. He will not find that result in this court. Petitioner has either failed to appeal or lost each appeal that he has filed in as many as five different courts. None of these courts at any time has ruled that the various claims alleged by Petitioner have any merit. And no higher court has remanded any issue back to this court for further proceedings. In Petitioner's instant motion he simply attempts to relitigate issues that have already been decided by this or higher courts. This court is not a court of appeals. As such, this motion is denied, and any similar motions filed in the future will be denied as improper and moot."

Reynolds filed a notice of appeal on February 23, 2018. It stated:

> "The petitioner comes sui juris in this above matter and gives notice to appeal as follows

"The petitioner objects to all isues presented by the judge the judge failed to make finding of facts or conclusion of law on any issues that was presented in the petition, and failed to comply with judge Micheal Grosko order to return property, the judgment in this case is still *Null* and *void* due to (cota) lacking jurisdiction due to the state failed to respond and being evasive the state is in *default*, due to the judge not ajudicating the case on the facts or merit the petitoner is required to give notice to appeal under K.S.A 21-"

*Does Reynolds' Briefing Deficiencies Prevent This Court From Reaching His Arguments on the Merits?*

Reynolds' brief is deficient and prevents this court from engaging his arguments on their merits. While courts "liberally construe" pro se pleadings, "pro se litigants must still follow procedural rules." *Sperry v. McKune*, 305 Kan. 469, 490, 384 P.3d 1003 (2016).

*Failure to comply with Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34)*

On appeal, Reynolds raises four issues:

"ISSUE I: The KCKPD lacked legal authority and was without subject matter, or statutory jurisdiction to transfer custody of Reynolds' property, i.e., U.S. currency and etc. . .
"ISSUE II: The KDOR and the KCOTA denied due process of law to Reynolds and etc. . .
"ISSUE III: The Wyandotte county, Kansas district court failed to conduct a franks hearing, where the accused requested such a proceeding due to conflicting information and facts alleged by; and an officer excuting a search warrant.
"ISSUE IV: The plaintiff ·filed his 42 U.S.C. 1983 claim in a timely manner within the statutory time etc. . . ."

The State correctly points out that "Reynolds has not cited where any of the issues he brings were raised or ruled on" below. The State further alleges that "[n]one of the four issues Reynolds raises were ruled on by Judge Roberts." Rule 6.02(a)(5) requires an appellant to provide for each issue raised, "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." (2019 Kan. S. Ct. R. 35.)

Reynolds does not provide pinpoint references to where in the record his issues were raised and ruled on. In fact, Reynold does not cite to any rulings or orders in the case below, 14 CV 1113, at all. As this court recently stated, Rule 6.02(a)(5)

> "is not simply a 'gotcha' from the appellate courts. . . . If litigants can raise a matter for the first time on appeal, they would be free to, in essence, readjudicate the matter merely because they forgot to raise everything they wanted to before the trial court or second-guessed their tactical decisions at trial once they started preparing their appellate brief." *State v. Messner*, 55 Kan. App. 2d 630, 641, 419 P.3d 642 (2018).

Here, Reynolds seeks to use his appellate brief as a vehicle for the same arguments he has unsuccessfully made numerous times before the Wyandotte County District Court, United States District Court, and the COTA. He attempts to do so despite the fact that his arguments do not correspond with the issue ruled on in the order he is appealing: Judge Roberts refused to allow Reynolds to relitigate a case that was apparently became final in February 2015.

When litigants fail to provide a citation to the record showing where an issue was raised and ruled on below, appellate courts presume the district court below did not rule on the issue. See *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 623-24, 244 P.3d 642 (2010). Thus, this court is left with no issues to consider because Reynolds has provided this court with no citations in the record to where his issues were raised and

5

ruled on below. He also has not explained why he failed to raise these arguments below. Our Supreme Court frequently reiterates that "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

*Failure to comply with Rule 6.02(a)(4) (2019 Kan. S. Ct. R. 34)*

Reynolds' brief also suffers from a second fatal flaw. He fails to comply with Rule 6.02(a)(4) which requires an appellant to include in his or her brief:

> "A concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal. The facts included in the statement must be keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." (2019 Kan. S. Ct. R. 35.)

Further "[w]hen facts are necessary to an argument, the record must supply those facts and a party relying on those facts must provide an appellate court with a specific citation to the point in the record where the fact can be verified." *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). When a party fails to designate and cite to such a record, the party's claim of error fails. 296 Kan. at 644.

Here, Reynolds provides no citations to the record in his statement of facts. He provides scant citations in the following 47 pages of argument. Many of these citations are incorrect and do not provide support for the preceding claims. Those citations that are, in fact, correct are nevertheless insufficient to establish Reynolds' contentions of error.

Reynolds' Issue I: "The KCKPD lacked legal authority and was without subject matter, or statutory jurisdiction to transfer custody of Reynolds' property. . ." contains

6

two citations to the record. The first is as follows: "The Wyandotte County, Kansas District Court Judge Mr. Michael Grosko (Division 5) on the date of September 23, 2013 signed an ORDER TO RELEASE PROPERTY PURSUANT TO K.S.A. 22-2512(3). (R. IV, 9.)." In the designated record on appeal, R. IV, 9 refers to the first page of a "motion to return property, amended" filed by Reynolds on September 6, 2013, in case No. 10 CR 856. The cited page does not reference any order. Thus, the citation does not provide support for the assertion immediately preceding it.

The second citation under Issue I is:

"The Kansas City, Kansas Police Department, Property Officer, thereof, or the Wyandotte County, Kansas Sheriff's department, or Property Officer thereof lacked legal authority, (statutory, subject matter, or personal) jurisdiction to release into the custody of, or to confer jurisdiction of the $4,321.00, to the Kansas Department of Revenue, whether the release of the money was by consent or waiver, where the $4,321.00 was being held as evidence in a criminal matter pending before the District Court had not been finalized, the District Court had *in rem jurisdiction* of Reynolds' money and property seized, and the District Court had not yet signed an ORDER TO DISPOSE OF OR RELEASE PROPERTY PURSUANT TO K.S.A. 22-2512(3). This act committed by the K.C.K.D.P. or Wyandotte County, Kansas Sheriff Department was done in violation to the provisions and procedural mandates of K.S.A. 22-2512(a)(1),(2),(3) and K.S.A. (s) 60-4101 through 60-4104. (R. IV, 9.)."

R. IV, 9 is the same record citation explained above. Again, this first page of Reynolds' September 6, 2013 motion to return property does not provide support for the assertions in the preceding paragraph. The rest of Reynolds' Issue I is devoid of citations but contains many factual assertions with no record support.

Reynolds' Issue II: "The Kansas Department of Revenue and the Kansa[s] Court of Tax Appeals denied due process of law to Teill Reynolds . . ." contains no citations to the record whatsoever.

7

Reynolds' Issue III: "The Wyandotte County, Kansas District Court failed to conduct a Franks Hearing . . ." contains the most citations to the record of all Reynolds' issues. Nevertheless, these citations are insufficient to support Reynolds' argument.

The first citation under Issue III is as follows: "Veronica Burton, on 6/22/2010 during an interview with the police who conducted the search warrant, stated that she was selling drugs for Reynolds. However, (R. V, II, 9)." This record contains no volume V nor a volume VII. Moreover, the citation also does not provide any support for the preceding contention; it refers to a docket schedule for No. 10 CR 857, *State v. Veronica L. Burton*.

The remaining citations under Issue III are to record volume III. Record volume III is the transcript from a preliminary hearing in case No. 10 CR 856, *State v. Teill Reynolds*. The hearing was held on May 4, 2012. Some of these citations do provide support for specific facts in Reynolds' brief. For example, "(Vol. III, pg. 11-12)" does provide factual support for Reynolds' assertion that "Burton under direct examination testified to the following: (1) she pled guilty to seven felony drug crimes." Other citations do not provide factual support for the preceding sentences. For example, Reynolds cites to testimony from an Officer Shane Wright and says that the testimony was "perjuried [*sic*]." The cited record pages, however, do not prove or demonstrate that Wright committed perjury. Altogether these scant citations are insufficient for this court to reach the merits of Reynolds' argument here.

Finally, Reynolds' Issue IV: "The Plaintiff filed his 42 U.S.C. § 1983 claim in a timely manner . . . " contains two citations to the record. The first reads: "'On September 13, 2013, the Wyandotte County, Kansas District Court, case no. 10-CR-856 ordered that the property seized from Reynolds shall be released pursuant to K.S.A. 22-2512(3).' Vol.

8

II, 34." The given citation provides factual support for the contention; the citation refers to an order that seized property be "released in accordance with K.S.A. 22-5212(3)."

The second citation under Issue IV is: "'On September 6, 2013 Reynolds filed a Motion to Return Property in his criminal case.' (Vol, III, 9.)" Record volume III, page 9 does not support this contention, but Reynolds did correctly cite to his motion to return property earlier in his brief, the correct citation for it is R. IV, 9.

These citations are insufficient to support Reynolds' argument here. In this section, Reynolds appears to ask this court to find the statute of limitations was tolled for a 42 U.S.C. § 1983 claim. The only 42 U.S.C. § 1983 claim Reynolds discusses in this section is one he says he filed in the United States District Court for the District of Kansas. Reynolds provides no citations to the record regarding that case, but even if he did, this court would not have jurisdiction to hear an appeal of a United States District Court decision.

Reynolds' brief suffers from two fatal errors. He fails to identify for this court where his arguments were raised and ruled on below, and he fails to designate a record sufficient to establish his assertions of error. Because this court is prevented from reaching his arguments on the merits, we affirm.

Affirmed.