No. 109,086

STATE OF KANSAS, *Appellee*, v. KODY S. GODFREY, *Appellant*.

(350 P.3d 1068)

Opinion filed May 29, 2015.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Jodi E. Litfin*, assistant district attorney, argued the cause, and *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: While fleeing from an attempted traffic stop, Godfrey struck and killed Jordan Dodgen. Ultimately Godfrey was charged with and pled guilty to first-degree felony murder and aggravated battery. The plea agreement contained a provision stating: "At the time of sentencing the Parties agree to recommend that the defendant serve his sentence at Larned State Hospital, with all sentences to run concurrently without any departures."

At the first scheduled sentencing, Godfrey requested and received a continuance on the grounds that he intended to file a motion to withdraw his plea. However, no motion to withdraw the plea was ever filed. At the second sentencing hearing, the State asked the district court to recommend to the Department of Corrections that Godfrey receive a sentence placement at Larned State Hospital.

Godfrey's attorney then explained to the district court that there had been "a little bit of a disagreement" between the parties concerning the plea agreement. Originally, Godfrey believed the agreement called for him to be sent to Larned "in lieu of sentenc-

ing for a brief evaluation then to come back and be sentenced at a later time." The State, however, believed it had committed to asking the district court to recommend a Larned placement to the Department of Corrections. This confusion led to the request for a continuance in order for Godfrey to consider and discuss his options with counsel, including the possibility of moving to withdraw his plea. Godfrey's counsel apologized for the inconvenience and described the confusion as "an error more on my part and a miscommunication between myself and [the State]."

Later, when confusion again surfaced regarding the precise nature of the plea agreement on the subject of Godfrey's placement at Larned, Godfrey's counsel again explained to the district court that Godfrey originally understood that the recommendation was for a Larned placement in lieu of sentencing pursuant to K.S.A. 22-3430. Counsel went on to say, "[Godfrey] understands that's not going to happen and that he wanted to proceed with the sentencing today after we discussed the various options." And further, "we acknowledge that there was a disagreement among the parties" but that now Godfrey was "willing to go ahead with the plea."

The district court acknowledged the statements of the parties clarifying the meaning of the plea agreement and pronounced Godfrey's sentence with the recommendation that "the Secretary of Corrections consider very strongly having [Godfrey] transferred to Larned State Hospital. I believe that would be to [Godfrey's] benefit at this point and time. But I believe that's also consistent with the agreement that the parties reached in this case."

GODFREY'S CLAIM IS NOT PRESERVED FOR REVIEW

On appeal, Godfrey's only claim is that the State violated the plea agreement and thus violated his constitutional due process rights. Godfrey argues that the agreement was ambiguous and should have been interpreted to impose Godfrey's original understanding of the terms—*i.e.*, that the State would ask the court to commit him to Larned in lieu of sentencing pursuant to K.S.A. 22-3430. But we decline to reach the merits of Godfrey's claim because he has failed to preserve it for appellate review.

Even absent a motion to withdraw a plea, we have considered such claims so long as a contemporaneous objection was lodged. See *State v. Urista*, 296 Kan. 576, 595, 293 P.3d 738 (2013); *State v. Peterson*, 296 Kan. 563, 565, 293 P.3d 730 (2013). But here, Godfrey neither filed a motion to withdraw his plea after the initial confusion, nor did he object to the State's recommendation at sentencing. In fact, Godfrey's counsel affirmatively accepted the State's interpretation of the plea agreement.

Without a contemporaneous objection, Godfrey's claim is being asserted for the first time on appeal and is subject to the general rule that alleged constitutional violations cannot be raised for the first time on appeal. See *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010). While we will not generally review constitutional claims raised for the first time on appeal, we do make exceptions:

"Despite the general rule, appellate courts may consider constitutional issues raised for the first time on appeal if the issue falls within one of three recognized exceptions: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. *State v. Spotts*, 288 Kan. 650, 652, 206 P.3d 510 (2009)." *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010).

But an exception must be invoked by the party asserting the claim for the first time on appeal. Kansas Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 41), describing the required contents of an appellant's brief, clearly states those briefs must include:

"The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. *If the issue was not raised below, there must be an explanation why the issue is properly before the court.*" (Emphasis added.)

We have recently reiterated that Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). As was the case in *Williams*, Godfrey's appellate brief makes no reference to preservation of the issue and gives no explanation why his claim is prop-

erly before this court. Rather, Godfrey simply argues the merits of his allegation that the State breached the plea agreement and violated his due process rights. Further, after the State raised a lack of preservation in its brief, Godfrey failed again to proffer any reason why this court should hear his claim in a reply brief. This complete failure to follow our rules continues to puzzle us, as it did in *Williams*. 298 Kan. at 1085.

We reached the merits in *Williams* due in part to the fact that we had previously allowed the kind of claim Williams asserted to be made for the first time on appeal. 298 Kan. at 1085. But we likewise included a warning to future litigants in *Williams* that Rule 6.02(a)(5) would, in the future, be strictly enforced. 298 Kan. at 1085. We are now sufficiently post-*Williams* that litigants have no excuse for noncompliance with Rule 6.02(a)(5). The rule, of course, predates *Williams* and has been previously invoked when a party fails to explain why an unpreserved issue should be reviewed for the first time on appeal. See *State v. Johnson*, 293 Kan. 959, 963-64, 270 P.3d 1135 (2012). Moreover, there is no precedent—as there was in *Williams*—permitting the kind of constitutional claim Godfrey asserts to be raised for the first time on appeal.

In sum, Godfrey makes no effort to explain why our review of this unpreserved constitutional issue is warranted. Therefore, as in *Williams*, we deem the appellant's brief woefully insufficient. We decline to reach the merits of Godfrey's single issue on appeal as he failed to preserve his claim with a contemporaneous objection, and the possible application of an exception permitting review for the first time on appeal has been abandoned by Godfrey's failure to brief it. See *Williams*, 298 Kan. at. 1083.

Affirmed.