NOT DESIGNATED FOR PUBLICATION

No. 115,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIE E. YOUNG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district county attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

LEBEN, J.: Willie Young pled guilty to robbery in 2015, and as part of his sentence, the district court ordered him to pay $480 in restitution to GameStop, the store that he had robbed. Young argues on appeal that the restitution order is unworkable because he won't be able to pay it when he's released from prison. His argument fails for two reasons. First, he didn't raise this issue at the district court, and we generally won't consider issues raised for the first time on appeal. Second, even if we were to consider his argument on appeal that he won't be able to earn money in prison and will have a hard time finding work when he's released, these facts aren't sufficient to prove that he won't

be able to pay $480 in restitution when he gets out of prison. We affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, Young pled guilty to one count of robbery. At the plea hearing, Young explained to the district court that he had stolen video games and headphones from an employee at GameStop. Under the plea agreement, Young agreed to pay reasonable restitution.

Young's criminal-history score was A (the most serious of possible criminal history scores). Based on that score and the severity of his crime, the district court sentenced him to 130 months in prison (just over 10 years) with 24 months of postrelease supervision. The district court also ordered him to pay $480 in restitution to GameStop.

Young now appeals to this court.

ANALYSIS

Young argues that the district court abused its discretion by ordering him to pay $480 in restitution.

The State points out that Young did not make this argument at the district court. We generally won't consider issues that are raised for the first time on appeal. *State v. King*, 288 Kan. 333, 353, 204 P.3d 585 (2009). There are three exceptions to this rule: (1) the new claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration is necessary to prevent denial of fundamental rights or serve the ends of justice; and (3) the district court reached the right result for the wrong reason. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068

2

(2015). When an appellant raises a new issue for the first time on appeal, he or she must explain which of these exceptions applies. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). If an appellant fails to do so, we can refuse to consider the issue. *Godfrey*, 301 Kan. at 1043-44.

Young's brief doesn't explain which of the exceptions applies to permit us to consider this issue for the first time on appeal, so we could stop our analysis right there. 301 Kan. at 1043-44. More importantly, none of the exceptions seem to apply here. See *State v. Shank*, 304 Kan. 89, 93-94, 369 P.3d 322 (2016) (finding that restitution issue wasn't preserved for appeal because defendant hadn't objected at the district court); *King*, 288 Kan. at 356 (noting that defendant's failure to object to restitution at the district court would "fail to preserve the issue for appellate review in the normal case"). This isn't a question of law on undisputed facts that is finally determinative of the case; it's a question of the district court's discretion, it involves disputed facts about Young's ability to pay the restitution, and it only involves a portion of Young's sentence. See *State v. Barton*, No. 106,219, 2012 WL 6734509, at *4 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1248 (2013). Next, consideration of the restitution issue isn't necessary to prevent the denial of fundamental rights or serve the ends of justice. See 2012 WL 6734509, at *5. Young was present at the sentencing hearing when restitution was decided, so he could have argued against it; this protected his due-process rights. See *King*, 288 Kan. at 354. And this just isn't a situation in which the district court reached the right result for the wrong reason. Since Young failed to raise this issue at the district court, we need not consider it for the first time on appeal. See *Shank*, 304 Kan. at 93-94; *King*, 288 Kan. at 356. We will nevertheless briefly address the issue to give Young some assurance that he has not lost this appeal simply because his trial attorney failed to raise the issue in the district court.

Even if we were to consider Young's argument, it would fail on its merits.

Young challenges the workability of the restitution order, arguing that he won't be able to pay it. We review such challenges for an abuse of discretion. *Shank*, 304 Kan. at 93-94. A district court abuses its discretion when its decision is based on an error of law or fact or is otherwise arbitrary or unreasonable. 304 Kan. at 92.

K.S.A. 2016 Supp. 21-6604(b)(1) gives the district court authority to impose restitution as part of a defendant's sentence unless it finds that restitution is unworkable. "Unworkable" generally means that the defendant won't be able to pay the restitution. *State v. Holt*, 305 Kan. 839, 390 P.3d 1, 3 (2017). Ordering restitution is the rule and a finding that restitution is unworkable is the exception. *Shank*, 304 Kan. at 94. The district court doesn't have to make any findings about a defendant's ability to pay before ordering restitution; the burden is on the defendant to present evidence of compelling circumstances that prove the restitution plan is unworkable because he or she will be unable to pay. *Holt*, 390 P.3d at 3; *King*, 288 Kan. at 357-58.

Given the defendant's burden to show that payment of restitution is unworkable, we need only briefly address Young's specific arguments on appeal about his ability to pay. He argues that the restitution order is unworkable because of the length of his prison sentence and his corresponding inability to earn money during it, as well as the difficulty he will have finding work when he is released from prison. A defendant's imprisonment alone is not sufficient to render restitution unworkable. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). Many restitution orders, including Young's, don't require payments while the defendant is still in prison. But imposing restitution is the rule; the district court doesn't have to know anything about the defendant's ability to pay before ordering restitution. *King*, 288 Kan. at 356-57. It's the defendant's responsibility to raise the workability issue, which Young didn't do here. 288 Kan. at 356.

Finally, Young suggests that it's inconsistent that the district court found him unable to pay attorney fees but did order restitution. But this isn't inconsistent: restitution

orders and attorney-fee orders are governed by different statutes, and only the attorney-fee statute requires the court to inquire about the defendant's ability to pay. See *King*, 288 Kan. at 356-57 (distinguishing these two statutes). The restitution statute doesn't include such a requirement. See K.S.A. 2016 Supp. 21-6604(b)(1). Ultimately, the district court simply gave restitution to the victim a higher priority than reimbursement of attorney fees to the State of Kansas.

The district court did not act arbitrarily or contrary to the law or facts when it ordered Young to pay $480 in restitution. We affirm the district court's judgment.