NOT DESIGNATED FOR PUBLICATION

No. 117,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
DAVID G. DELIMONT.

MEMORANDUM OPINION

Appeal from Morris District Court; STEVEN L. HORNBAKER, judge. Opinion filed December 1, 2017. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: After being committed as a sexually violent predator (SVP), David G. Delimont filed a request for a court-appointed independent expert to perform an evaluation at his first annual review. The district court denied his request. Delimont appeals, arguing for the first time that K.S.A. 2016 Supp. 59-29a08 violates due process and equal protection by giving courts discretion to appoint independent experts for indigent SVPs. Because this constitutional challenge was not raised or argued before the district court, we decline to consider it on appeal and affirm the district court's decision.

FACTS

On June 13, 1995, the district court sentenced Delimont for two counts of aggravated criminal sodomy of a child less than 14 years of age, one count of aggravated indecent liberties with a child less than 14 years of age, and one count of indecent

1

liberties with a child. One month before Delimont's scheduled release from prison in 2014, the State filed a petition for a probable cause hearing to determine if Delimont was an SVP. The district court found there was probable cause to believe that Delimont was an SVP and ordered that he be transferred to Larned State Security Hospital for an evaluation. On April 13, 2015, after a bench trial on stipulated facts, the district court found Delimont to be an SVP and ordered him committed to the custody of the Kansas Department for Aging and Disability Services (KDADS). A panel of this court affirmed on appeal. *In re Delimont*, No. 114,495, 2016 WL 3366001 (Kan. App. 2016) (unpublished opinion).

On April 25, 2016, the State filed its "ANNUAL NOTICE OF RIGHT TO PETITION FOR RELEASE FROM TREATMENT OVER THE SECRETARY'S OBJECTION," as required under K.S.A. 2016 Supp. 59-29a08. The notice included the State's annual examination of Delimont's mental condition. A few months later, Delimont filed a petition, asking the district court to appoint an expert to evaluate him and determine if he should be subject to transitional release. The State filed a response, arguing the appointment of an expert was at the court's discretion unless Delimont had shown probable cause that his condition had so changed that it would be safe to place him on transitional release. It urged the court to deny Delimont's request because he had done nothing to suggest he was ready for transitional release.

The district court held a hearing on Delimont's petition. Delimont's counsel conceded that the State's response was essentially accurate and appointment of an expert was within the court's discretion. He also told the court that an evaluation by Delimont's chosen expert would likely cost about $1,500. The district court later issued a written ruling denying Delimont's request and ordering continued commitment for further treatment. Delimont has timely appealed.

2

On appeal, Delimont does not argue the district court abused its discretion in denying his request for an independent expert evaluation. Rather, Delimont argues that giving district courts discretion to appoint experts for indigent SVPs at their annual review violates both due process and equal protection. He raises these arguments for the first time on appeal.

As our appellate courts have frequently noted, constitutional grounds for reversal asserted for the first time on appeal are not properly before this court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). There are several exceptions to this general rule, including the following: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

When an appellant has failed to raise an issue before the district court, Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why this court should consider the issue for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and the issue will be deemed waived or abandoned. In the wake of *Williams,* our Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Here, Delimont not only failed to raise these arguments before the district court, he has not explained why this court should hear them for the first time on appeal. On their face, the constitutional arguments Delimont raises do not appear to have been fully developed, thereby confounding our ability to assess them either for purposes of deciding whether we should address them at all or on their merits. We, therefore, abide the usual rule that we do not consider arguments raised for the first time on appeal.

Affirmed.