NOT DESIGNATED FOR PUBLICATION

No. 118,132

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHICO MADISON KELLEY JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed November 30, 2018. Affirmed.

*Chico Madison Kelley, Jr.*, appellant pro se.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.


PER CURIAM: Chico Madison Kelley Jr. appeals from the summary dismissal of his K.S.A. 60-1507 motion. In his motion, Kelley asserted ineffective assistance of his trial counsel and prosecutorial error. On appeal, he contends his trial counsel was ineffective but on different grounds than the one set forth in his motion. He also contends for the first time that his appellate counsel was ineffective. However, he makes no argument on appeal regarding prosecutorial error. Based on our review of the motion, files, and court records, we conclude that Kelley is not entitled to relief. Accordingly, we

1

affirm the district court's summary dismissal of Kelley's K.S.A. 2016 Supp. 60-1507 motion.

FACTS

On January 9, 2013, a jury convicted Kelley of two counts of attempted first-degree premeditated murder and one count of criminal possession of a firearm. A panel of this court affirmed Kelley's conviction in *State v. Kelley*, No. 110,153, 2014 WL 6909607, at *1 (Kan. App. 2014) (unpublished opinion). Subsequently, on July 22, 2015, the Kansas Supreme Court denied a petition for review. The underlying facts are set forth in detail in the opinion affirming Kelley's convictions, and we will not repeat them here.

On October 21, 2015, Kelley then filed a pro se K.S.A. 60-1507 motion. In his motion, Kelley alleged that his trial counsel was ineffective in "failing to request lesser included offense." Evidently, he was alleging that his trial counsel should have requested a jury instruction on a lesser included offense. However, Kelley did not offer any facts in his motion to support this allegation. Likewise, he failed to identify the lesser included offense to which he was referring. Kelley also alleged "prosecutorial misconduct" in his motion. Again, he did not offer any facts to support this allegation nor did he identify what the prosecutor did that he believed constituted misconduct.

On March 22, 2016, the State moved to summarily dismiss Kelley's K.S.A. 60-1507 motion. A week later, on March 29, 2016, the district court issued a memorandum decision summarily dismissing Kelley's motion. Specifically, the district court found that "[a]fter a thorough review of the files, records and pleadings . . . it is conclusively shown that the movant is entitled to no relief and his petition is dismissed." In reaching this determination, the district court also recognized that "[e]mpty claims not supported by facts or evidence are insufficient to establish a claim."

ANALYSIS

On appeal, Kelley no longer contends that his trial counsel was ineffective for "failing to request lesser included offense" as asserted in his K.S.A. 60-1507 motion. Instead, for the first time on appeal, Kelley asserts that his trial counsel was ineffective for a variety of other reasons that were not set forth in his motion. In addition, for the first time on appeal, Kelley contends that his appellate counsel was also ineffective for an assortment of reasons. We also note that Kelley does not mention his claim of "prosecutorial misconduct" in his appellate briefs.

Upon the filing of a K.S.A. 60-1507 motion, a district court has three options:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court chose the first of these options and summarily dismissed Kelley's motion. As such, our review is de novo and—like the district court—we must also determine whether the motion, files, and records of the case conclusively establish that Kelley is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

To avoid the summary denial of a claim for relief under K.S.A. 60-1507, a movant bears the burden of establishing that he or she is entitled to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory. In other words, either the movant must set forth an evidentiary basis to support those contentions in the motion or the basis must be evident from the record. If such a showing is made, a district

3

court is normally required to hold a hearing. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

Here, a review of the K.S.A. 60-1507 motion filed by Kelley reveals that it only included vague conclusory allegations without factual support. As indicated above, although Kelley claimed in his motion that his trial counsel failed to request a lesser included offense instruction, he did not identify the lesser included offense to which he was referring. Moreover, although he claimed "prosecutorial misconduct" in his motion, he did not state what the prosecutor did or failed to do that allegedly constituted misconduct. Thus, we conclude that Kelley failed to set forth an evidentiary basis to support the conclusory allegations contained in his K.S.A. 60-1507 motion.

It is also important to note that Kelley's appellate briefs do not mention the alleged failure by trial counsel to request a lesser included offense instruction. Likewise, he does not argue "prosecutorial misconduct" in his briefs. Because he has failed to brief either of the issues set forth in his K.S.A. 60-1507 motion, we deem them to be waived and abandoned. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

As the State correctly points out, none of the allegations discussed in Kelley's appellate briefs were raised before the district court. Instead, for the first time on appeal, Kelley raises a variety of additional ways in which he believes his trial counsel was ineffective that were not alleged in his K.S.A. 60-1507 motion. Likewise, although he made no such claim in his motion, Kelly claims for the first time on appeal that his appellate counsel was ineffective.

Issues not raised below are not to be considered for the first time on appeal unless a party affirmatively asserts and explains why an exception to the general rule applies. Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34); see *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085,

4

319 P.3d 528 (2014). Here, Kelley has failed to assert any reason why he should be allowed to raise issues on appeal that were not asserted before the district court. Accordingly, we will not address the new issues asserted by Kelley for the first time on appeal.

In summary, we find that Kelley's motion contained only vague conclusory allegations. We also find that Kelley made no attempt to provide the district court with factual support for his allegations. Furthermore, we do not find the basis for Kelley's conclusory allegations to be evident from the record. We, therefore, conclude that the district court was not required to hold an evidentiary hearing under the circumstances presented and that it did not err in summarily dismissing Kelley's K.S.A. 60-1507 motion.

Affirmed.