NOT DESIGNATED FOR PUBLICATION

No. 121,884

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
ANTHONY J. CLARK.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed May 1, 2020.
Affirmed.

*Cline I. Boone*, of Shawnee, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Anthony J. Clark is a civilly committed patient at the Sexual
Predator Treatment Program (SPTP) at Larned State Hospital (Larned). In 2019, Clark
petitioned for transitional release, and the district court denied his request, finding the
State met its burden under K.S.A. 2019 Supp. 59-29a08(g), and ordered Clark to remain
in civil commitment under K.S.A. 2019 Supp. 59-29a08(h). Upon review of the record,
we find no error by the district court. We affirm.

Starting in 1976, Clark was convicted over the years of several sex crimes against
children. As Clark's release date from prison was approaching in 2002, the State
petitioned the district court to find Clark met the criteria of a "sexually violent predator"
under the Sexually Violent Predator Act (Act), K.S.A. 59-29a01 et seq. Clark was found

1

by the district court to be a sexually violent predator and was civilly committed to the SPTP at Larned.

Clark received annual evaluations of his mental condition as required by K.S.A. 2019 Supp. 59-29a08(a). Clark's 2016 annual report concluded Clark continued to suffer from pedophilic disorder and antisocial personality disorder and recommended he remain in civil confinement. In February 2017, Clark petitioned for transitional release based on his 2016 annual report.

The district court held a probable cause hearing on Clark's petition in March 2017. The district court found Clark failed to demonstrate sufficient probable cause for a full evidentiary hearing on whether he was safe to be placed in transitional release. Clark appealed the district court's ruling to another panel of this court. The panel reversed, finding Clark had demonstrated enough probable cause for an evidentiary hearing, and remanded the case to the district court with directions to hold an evidentiary hearing. See *In re Care & Treatment of Clark*, No. 117,598, 2017 WL 6062537, at *4-5 (Kan. App. 2017) (unpublished opinion).

In June 2019, on remand, the district court held a bench trial on Clark's petition for transitional release. The State presented the testimony of three experts: Keri Applequist, the assistant clinical director of the SPTP and Clark's former therapist; Scott Wilson, a licensed clinical psychotherapist who authored Clark's 2018 annual report; and Dr. Marc Quillen, the clinical program director and chief forensic scientist for the SPTP. Applequist, Wilson, and Quillen all testified Clark's mental abnormality or personality disorder remained such that he was not safe to be placed in transitional release and, if transitionally released, he would likely engage in repeat acts of sexual violence.

Dr. Stanley Mintz, a licensed psychologist, testified as Clark's expert witness. Mintz performed an independent evaluation of Clark and testified Clark had "made

2

enough progress to advance somewhat in the program" but did not give a specific opinion on whether Clark was appropriate for transitional release. Clark testified he would not reoffend if placed in transitional release and he was a good candidate for it because he was "not a quitter" or a "slacker."

Based on the evidence presented, the district court denied Clark's petition for transitional release, finding the State had met its burden under K.S.A. 2019 Supp. 59-29a08(g) and ordered Clark to remain in civil commitment under K.S.A. 2019 Supp. 59-29a08(h).

On appeal, Clark argues the evidence was insufficient to support the district court's verdict that he was not safe to be placed in transitional release. Generally, when reviewing the sufficiency of the evidence in an evidentiary proceeding under the Act, we determine whether a reasonable fact-finder could have found the State met its burden of proof beyond a reasonable doubt under the applicable statute. See *In re Care & Treatment of Williams*, 292 Kan. 96, 104, 253 P.3d 327 (2011); *In re Care & Treatment of Burch*, No. 116,600, 2017 WL 3947430, at *4 (Kan. App. 2017) (unpublished opinion).

Here, Clark has appealed the bench trial conducted on his petition for transitional release, so the controlling statute is K.S.A. 2019 Supp. 59-29a08(g). The statute provides a committed person is not appropriate for transitional release if the State proves "beyond a reasonable doubt [1] the person's mental abnormality or personality disorder remains such that the person is not safe to be placed in transitional release and [2] if transitionally released is likely to engage in repeat acts of sexual violence." K.S.A. 2019 Supp. 59-29a08(g). At Clark's bench trial, three of the four experts who testified concluded Clark's mental abnormality or personality remained such that he was not safe to be placed in transitional release and, if Clark were transitionally released, he would likely engage in repeat acts of sexual violence.

However, the controlling question in Clark's brief is not whether the State failed to prove either of K.S.A. 2019 Supp. 59-29a08(g)'s elements beyond a reasonable doubt—i.e., a sufficiency of the evidence question—but whether the State was required to prove an additional element not in the text of the statute. Clark now argues the State was also required to prove, as a separate element, he had serious difficulty controlling his dangerous behavior. His argument centers entirely on another panel of this court's decision—published several months after Clark's bench trial—in *In re Care & Treatment of Quillen*, 57 Kan. App. 2d 407, 417, 451 P.3d 478 (2019), *review granted* February 25, 2020, which held substantive due process requires the fact-finder to conclude beyond a reasonable doubt—at the initial commitment proceeding and later review proceedings—the person has serious difficulty controlling his or her dangerous behavior. See *Kansas v. Hendricks*, 521 U.S. 346, 353, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). Thus, Clark's argument on appeal is grounded in a substantive due process claim rather than a challenge to the sufficiency of the evidence.

Upon review of the record, no expert at Clark's bench trial specifically testified about whether Clark had serious difficulty controlling his dangerous behavior. Nor did Clark argue before the district court the State had the burden to prove this element beyond a reasonable doubt. Instead, the trial record shows Clark's arguments were tailored to the standard of proof required under K.S.A. 2019 Supp. 59-29a08(g). Clark now raises for the first time on appeal a substantive due process challenge to the elements required to support a verdict under K.S.A. 2019 Supp. 59-29a08(g).

The State responds Clark's failure to raise this constitutional issue before the district court is fatal to his appeal. We agree. Generally, appellate courts will not hear constitutional issues raised for the first time on appeal. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Although there are several recognized exceptions to this general rule, the party raising the issue must explain how an exception

4

applies. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34). The Kansas Supreme Court has warned litigants who fail to comply with Rule 6.02(a)(5) "risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Our Supreme Court has emphasized Rule 6.02(a)(5) should be strictly enforced and failure to follow it could result in abandonment of the claim. See *Godfrey*, 301 Kan. at 1044; *Williams*, 298 Kan. at 1085. In his brief, Clark fails to identify which exception he relies on, nor does he explain how an exception applies to his argument. Additionally, as stated by one federal appellate court, "[a] party may not 'sandbag' his case by presenting one theory in the trial court and then arguing for another on appeal." *McPhail v. Municipality of Culebra*, 598 F.2d 603, 607 (1st Cir. 1979). The district court here was not given the opportunity to address this due process theory. Thus, Clark's only argument on appeal claiming a substantive due process violation is deemed abandoned under Rule 6.02(a)(5).

Affirmed.