NOT DESIGNATED FOR PUBLICATION

No. 122,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALBERT R. MOBLEY,
*Appellant*,

v.

ROGER WERHOLTZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed June 26, 2020.
Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Robert E. Wasinger*, legal counsel, of Department of Corrections, Ellsworth Correctional Facility,
for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: Albert R. Mobley appeals the district court's summary dismissal of
his petition, which Mobley captions as "Petition for Relief Concerning 38 U.S.C.S.
5301." Mobley alleged that the Kansas Department of Corrections (KDOC) violated 38
U.S.C. § 5301 (2016) when it forced him to remove property that he purchased with
Veterans Affairs disability benefits (VA benefits). Upon review, we find no error by the
district court. Accordingly, we affirm.

1

In his petition, Mobley alleged the following facts:

He is an inmate at the Ellsworth Correctional Facility. Before his incarceration, Mobley served in the United States Army from 1966 until 1972. While deployed in Vietnam, Mobley sustained an injury from an explosion. As a result of his injury, Mobley has received VA benefits since his discharge from the Army.

In 1986, Mobley pled guilty to two counts of aggravated criminal sodomy and one count of aggravated indecent liberties with a child. Mobley was sentenced to a controlling term of 15 years to life in person. *Mobley v. State*, No. 91,982, 2005 WL 1136477, at *1 (Kan. App. 2005) (unpublished opinion). Mobley has continued to receive VA benefits since his incarceration.

Soon after Mobley came into the custody of the KDOC, he purchased a television, a radio cassette player, an electric typewriter, and other electronics. Effective January 1, 1996, the KDOC implemented Internal Management Policies and Procedures (IMPP) 11-101, which created a three-level system of incentives and privileges to encourage inmates to participate in programs and remain free of offenses. Because Mobley refused to participate in his mandatory Sexual Abuse Treatment Program (SATP), he was placed at incentive-level I on June 10, 1996. At this level, Mobley was no longer allowed to possess certain electronics and was forced to send the level-restricted property out of the prison.

After Mobley was moved back to incentive-level III later in 1996, he purchased a television and radio with his VA benefits. But in 2007, Mobley was moved back to incentive-level I and needed to send his level-restricted property out of prison. Then in July 2008, Mobley was again moved back to incentive-level III and he purchased a television, a radio, and $150 of craft items with his VA benefits. But Mobley was again moved back to incentive-level I in September 2008 after he refused to participate in

2

SATP. As a result, Mobley once again had to send his level-restricted property out of prison.

On July 19, 2019, Mobley filed a pro se petition alleging that the KDOC violated 38 U.S.C. § 5301 when it forced him to send out his level-restricted property because he purchased the property with his VA benefits. The district court summarily denied Mobley's petition, finding that he failed to state facts that entitled him to relief. Mobley appeals.

ANALYSIS

On appeal, Mobley frames his petition as a petition for habeas corpus relief under K.S.A. 60-1501 and contends the district court erred by dismissing his petition. Mobley maintains that the KDOC violated 38 U.S.C. § 5301 and his constitutional right to due process when it forced him to remove the level-restricted property that he purchased with his VA benefits.

We are initially confronted with a determination how to classify Mobley's petition. Should Mobley's petition be treated as a petition pursuant to K.S.A. 2019 Supp. 60-1501 or a petition brought under 38 U.S.C. § 5301? We analyze Mobley's claims under both a K.S.A. 60-1501 framework and as an action brought pursuant to 38 U.S.C. § 5301.

To state a claim for relief under K.S.A. 60-1501 and avoid a summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a).

3

We exercise de novo review over a district court's summary dismissal. 289 Kan. at 649. Likewise, we exercise unlimited review when determining whether an individual's right to due process has been violated. 289 Kan. at 649.

Mobley did not allege a violation of a constitutional right in his petition. Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Although there are exceptions to this general rule, Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Although Mobley argues that the KDOC violated 38 U.S.C. § 5301 by taking property he purchased with VA benefits, he fails to explain how a violation of this statute would amount to a violation of his constitutional rights. In *Merryfield v. State*, No. 103,611, 2010 WL 5490743, at *3 (Kan. App. 2010) (unpublished opinion), this court explained that "K.S.A. 60-1501 provides a method to raise claims that a person's confinement or conditions [of] confinement violate the individual's constitutional rights, not to raise claims that some right granted by statute has been infringed."

We find the district court's summary dismissal of Mobley's petition was proper due to the failure of Mobley to allege a violation of his constitutional rights.

Assuming a constitutional argument can be read into Mobley's petition, the petition still was properly summarily dismissed by the district court.

4

The Fourteenth Amendment to the United States Constitution protects an individual's due process rights and prohibits the deprivation of a significant life, liberty, or property interest. *State v. Turner*, 300 Kan. 662, 683, 333 P.3d 155 (2014). When reviewing a due process claim, we first consider whether the government deprived a person of a protected liberty or property interest. If a protected liberty or property interest is implicated, we must then determine the nature and extent of the process that is due. *Johnson*, 289 Kan. at 649.

A person has a protected property interest in items to which he has a legitimate claim of entitlement. *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 637, 172 P.3d 42 (2007). If an inmate is given the ability to possess personal property, then the inmate has a protected interest in the ownership of that property that may not be infringed without due process. But the inmate has no protected right of possession over that property while in prison. *Stansbury v. Hannigan*, 265 Kan. 404, Syl. ¶ 5, 960 P.2d 227 (1998).

When Mobley's property was removed, IMPP 11-101 provided that in some circumstances when an inmate loses incentive levels, the level-restricted property in the inmate's possession must be removed from the facility. See 265 Kan. at 418. And when property is removed from the facility, the inmate has the choice of mailing the property to an address of the offender's choosing, donating the property to charity, destroying the property, having the property picked up by an authorized person, or having the property delivered to a local address by the facility upon approval of the warden. 265 Kan. at 419.

Our Supreme Court in *Stansbury* held that because an inmate can send level-restricted property to an address or person of his or her own choosing, the inmate is merely denied possession, not ownership, of the property that was removed under IMPP 11-101. 265 Kan. at 420. Accordingly, Mobley was not deprived of a property interest that implicates the Due Process Clause when his level-restricted property was removed from the prison facility. See 265 Kan. at 420.

We now consider Mobley's petition as an action brought pursuant to 38 U.S.C. § 5301.

Federal courts have recognized that an inmate may obtain relief under 42 U.S.C. § 1983 (2016) for a violation of his or her statutory rights under 38 U.S.C. § 5301. *Nelson v. Heiss*, 271 F.3d 891, 896-97 (9th Cir. 2001); *Stewart v. Norwood*, No. 16-3189-JAR-DJW, 2017 WL 4284971, at *7 (D. Kan. 2017) (unpublished opinion). Therefore, Mobley's petition could be characterized as asserting a claim under 42 U.S.C. § 1983. With such a characterization, Mobley's appointed appellate counsel unnecessarily required him to prove the constitutional claim he did not preserve.

Mobley argues that the KDOC violated the first sentence of 38 U.S.C. § 5301(a)(1) when it removed his property purchased with VA benefits, which states:

> "Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Because Mobley retained ownership over the level-restricted property, his property was not subject to "attachment, levy, or seizure" by the KDOC. Moreover, the exemptions under 38 U.S.C. § 5301(a)(1) do not extend to the level-restricted property that Mobley purchased with VA benefits. In *Carrier v. Bryant*, 306 U.S. 545, 547, 59 S. Ct. 707, 83 L. Ed. 976 (1939), the United States Supreme Court held that veterans' disability payments invested in property lose their exempt status under a predecessor statute to 38 U.S.C. § 5301(a) because they are no longer "payments due or to become due." The Court later construed a predecessor statute to 38 U.S.C. § 5301(a) as exempting veterans' disability benefits only if "the benefit funds . . . are readily available

6

as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments." *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, 162, 82 S. Ct. 1231, 8 L. Ed. 2d 407 (1962).

Under *Porter* and *Carrier*, Mobley's VA benefits lost their exempt status when they were used to purchase the property that was ultimately removed from the facility. The electronics and craft supplies are not payments due or to become due. And Mobley's VA benefits lost the qualities of moneys and were converted into permanent investments when he purchased those items. Because the protections of 38 U.S.C. § 5301(a)(1) did not apply to Mobley's level-restricted property, the KDOC did not violate the statute when it forced Mobley to remove the property from the prison facility.

It matters not whether Mobley's petition is considered as a K.S.A. 60-1501 petition or a petition brought under 38 U.S.C. § 5301. The KDOC did not violate Mobley's rights under 38 U.S.C. § 5301, he failed to otherwise assert a deprivation of a constitutionally protected right, and Mobley's due process rights were not violated, so the district court did not err by dismissing his petition.

Affirmed.