NOT DESIGNATED FOR PUBLICATION

No. 121,513

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY L. MARQUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 25, 2020. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: Timothy L. Marquez appeals his conviction for an offender registration violation. On appeal, Marquez contends that a jury instruction given by the district court at trial included an improper presumption of guilt. Likewise, he contends that the offender registration statute includes an improper presumption of guilt. Specifically, Marquez argues that both the jury instruction and the statute are unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. For the reasons set forth in this opinion, we conclude that Marquez' arguments are without merit. Thus, we affirm.

1

FACTS

On April 21, 2016, Marquez was convicted of aggravated assault. As a result, Marquez was required to register as an offender in Sedgwick County and report to the Sheriff's office quarterly. In addition, Marquez was required to report any change in his employment, residence, or other pertinent information to the Sheriff's office within three business days.

Marquez originally registered using his mother's address. According to the State, he began living with a woman at her home in November 2018. However, Marquez did not report the change of address. Rather, in his quarterly report submitted in December 2018, he continued to list his mother's address. As a result, the State charged Marquez with one count of offender registration violation.

On April 22, 2019, the district court convened a jury trial. At trial, one of the witnesses was the woman with whom Marquez was allegedly living. The woman testified that Marquez shared a bedroom with her at home, kept his clothes in the bedroom drawers, and slept at the house every night. She also testified that Marquez kept his car, motorcycle and television there. Further, she testified that Marquez received mail at her address.

At the jury instruction conference, the State requested that the district court give an elements instruction consistent with P.I.K. Crim. 4th 63.140 (2016 Supp.). In addition, the State requested that the instruction also include the statutory definition of "residence" as set forth in K.S.A. 2018 Supp. 22-4902(j), and the statutory definition of "reside" as set forth in K.S.A. 2018 Supp. 22-4902(k). Although Marquez did not object to the elements instruction, he did object to the addition of the statutory definitions. After hearing the arguments of counsel, the district court overruled the objection.

Consequently, the district court gave Instruction No. 4 to the jury, which stated:

"In Count I, Timothy Marquez is charged with failure to register as an offender. Timothy Marquez pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. Timothy Marquez had been convicted of a crime which requires registration pursuant to the Kansas Offender Registration Act.

"2. Timothy Marquez failed to register in person to the Sheriff of Sedgwick County upon commencement, change, or termination of residence location within three business days of such commencement, change, or termination.

"3. This act occurred on or about the 29th day of November 2018.

"4. Timothy Marquez was required to register as an offender in Sedgwick County, Kansas.

"A person required to register must register in any county in which the person resides, maintains employment, or attends school; or any county in which the person intends to reside, intends to maintain employment, or intends to attend school.

"'Residence' means a particular and definable place where an individual resides. Nothing in the Kansas offender registration act shall be construed to state that an offender may only have one residence for the purpose of such act.

"'Reside' means to stay, sleep or maintain with regularity or temporarily one's person and property in a particular place other than a location where the offender is incarcerated. It shall be presumed that an offender resides at any and all locations where the offender stays, sleeps, or maintains the offender's person for three or more consecutive days or parts of days, or for ten or more nonconsecutive days in a period of 30 consecutive days.

3

"The parties have agreed to the truth of claims no. 1 and 4 through a stipulation in the State's Exhibit #8 and as such, claims no. 1 and 4 can be considered by you as true. Timothy Marquez's prior conviction shall not be considered by you in determining whether the State has proven claims no. 2 and 3 beyond a reasonable doubt."

After deliberation, the jury convicted Marquez of failure to register as an offender. Subsequently, the district court granted Marquez' request for a downward durational departure and sentenced him to 34 months in prison to be followed by 24 months postrelease supervision. Thereafter, Marquez filed a timely notice of appeal.

ANALYSIS

On appeal, Marquez contends that the inclusion of the statutory definitions of "residence" and "reside" in Instruction No. 4 denied him the right to a fair trial. In particular, Marquez argues that the definitions created a "mandatory presumption" in favor of the State in violation of the Due Process Clause of the Fourteenth Amendment. In other words, Marquez suggests that the instruction improperly removed the State's burden to prove that he was guilty beyond a reasonable doubt.

"When analyzing jury instruction issues, we follow a three-step process: '(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal; (2) considering the merits of the claim to determine whether error occurred below; and (3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.' [Citation omitted.]" *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018).

Here, it is undisputed that Marquez objected to Instruction No. 4 at trial. Because this issue was preserved below, we find that we have appellate jurisdiction to review this issue. As a result, we will focus our review on the second and third steps.

4

Under the second step, we exercise unlimited review to determine whether Instruction No. 4 was legally and factually appropriate. *McLinn*, 307 Kan. at 318. In making this determination, we begin by noting that Marquez does not object to the elements of the charged offense. Indeed, as Marquez recognizes, the language regarding the elements portion of the instruction is taken directly from P.I.K. Crim. 4th 63.140 and is consistent with K.S.A. 2018 Supp. 22-4905(h). As the parties are aware, the Kansas Supreme Court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees develop to bring accuracy, clarity, and uniformity to instructions.'" *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018).

Instead, Marquez focuses on the inclusion of the definitions of "residence" and "reside," which are included as part of the offender registration offense statute. Although these definitions are found in K.S.A. 2018 Supp. 22-4902(j) and (k), they are not included as part of P.I.K. Crim. 4th 63.140. In particular, Marquez objects to the following language: "It shall be presumed that an offender resides at any and all locations where the offender stays, sleeps or maintains the offender's person for three or more consecutive days or parts of days, or for 10 or more nonconsecutive days in a period of 30 consecutive days." K.S.A. 2018 Supp. 22-4902(j).

In *State v. Harkness*, 252 Kan. 510, 526-27, 847 P.2d 1191 (1993), our Supreme Court explained:

> "The State is required by the Due Process Clause of the Fourteenth Amendment to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which an accused is charged. Under this principle, evidentiary presumptions cannot be included in the jury instructions if they have the effect of relieving the State of its burden of proof beyond a reasonable doubt of every essential element of a crime. In order to decide whether such an instruction is unconstitutional, a court must decide whether the instruction creates a mandatory presumption or merely a permissive inference.

". . . A mandatory presumption removes the presumed element from the case once the State has proven the predicate facts giving rise to the presumption. That is, once the State proves certain facts, a jury must infer intent from such facts and the accused cannot rebut the inferences.

. . . .

"By contrast, an instruction containing a permissive inference does not relieve the State of its burden because it still requires the State to convince the jury that an element . . . should be inferred based on the facts proved."

"The standard for reviewing an instruction such as the one in the instant case is whether a reasonable juror could have understood the instruction as a 'presumption that shifted to the defendant the burden of persuasion on the element . . . once the State had proved the predicate acts.' If a reasonable juror could have understood the instruction in the present case as shifting the burden of proof . . . to the defendant once the State proved the defendant committed certain voluntary acts, the instruction is unconstitutional.

"The allegedly unconstitutional instruction must be read and interpreted in light of all the instructions given, since other instructions might cure the defective language in the instruction. General instructions on the presumption of the defendant's innocence or the State's burden of persuasion, however, do not remedy an erroneous instruction containing a conclusive or rebuttable presumption on an essential element." [Citations omitted] 252 Kan. at 526-27.

See *State v. Elrod*, 38 Kan. App. 2d 453, 463-64, 166 P.3d 1067 (2007).

Based on our review of Instruction No. 4 in its entirety and in light of all the instructions given at trial, we do not find that its inclusion of the statutory definitions was erroneous. As the district court appropriately instructed the jury, the State was required to prove that Marquez failed to "register in person upon any commencement, change or termination of residence location . . . within three business days of such commencement, change or termination, to the registering law enforcement agency or agencies where last

6

registered . . . ." K.S.A. 2018 Supp. 22-4905(h); see P.I.K. Crim. 4th 63.140. Thus, we find the inclusion of the statutory definitions to be both legally and factually appropriate.

Furthermore, we find that the inclusion of the statutory definitions provided the jury with guidance in understanding what the law requires. The State was still required to prove each of the statutory elements of the crime beyond a reasonable doubt as can be gleaned from reading the jury instructions as a whole rather than a particular provision in isolation. Consequently, when viewed in context, we do not find that the language of the instruction constituted a mandatory presumption or that it impermissibly required the jury to find Marquez was guilty.

In contrast, we note the cases finding an unconstitutional mandatory presumption explicitly instructed the jury that an essential element of the crime charged had been satisfied by the State's trial evidence. See, e.g., *State v. Brice*, 276 Kan. 758, 761-62, 771, 80 P.3d 1113 (2003) (finding an instruction, stating that "the term Great Bodily Harm means a 'through and through bullet wound'" which essentially told the jury that the State had established an essential element of aggravated battery, invaded the province of the jury); see also *Francis v. Franklin*, 471 U.S. 307, 315-18, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985) (finding an instruction stating that "the acts of a person of sound mind and discretion are presumed to be the product of the person's will," which essentially told the jury that the State had established the intent element of committing murder, was unconstitutional).

Here, any possible confusion that may have been created by including the statutory definition language in Instruction No. 4 was clarified by in Instruction No. 5. This instruction explicitly stated,

"The State has the burden to prove Timothy Marquez is guilty. Timothy Marquez is not required to prove he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty."

In other words, the district court appropriately informed the jury that the State had the burden of proof and that Marquez was not required to prove his innocence. In addition, the district court instructed the jury to consider and follow all of the instructions and to apply them to the evidence presented at trial. Under these circumstances, we find that a reasonable juror would not have interpreted Instruction No. 4 as shifting the burden of proof to Marquez. See *State v. Harkness*, 252 Kan. at 527. Accordingly, we do not find that the instruction denied Marquez his constitutional right to a fair trial.

Even if we were to conclude that the district court erred by including the statutory definitions in Instruction No. 4, we find the alleged error to be harmless. An instructional error is reversible only if there is a reasonable probability that it affected the outcome of the trial in light of the entire record. See *State v. Louis*, 305 Kan. 453, 457-58, 384 P.3d 1 (2016). In this regard, we note that several witnesses testified at trial that Marquez was residing at the Grove address, and not with his mother during the relevant time period. Not only did the woman with whom Marquez was living testify regarding that Marquez was living at the Grove address, but her daughter also testified and corroborated her mother's testimony.

Further, an employee in the Sedgwick County Sheriff's Office offender registration unit testified on April 23, 2019—without objection from Marquez' attorney—as follows:

"Q: Can you explain what a residence means for an offender?

"A: If they are going to be at a residence three days a week or ten days in a month, they're required to report that . . . .

8

"Q: And so can an offender list multiple residences?

"A: Absolutely.

"Q: For example, if an offender splits up his time living in two locations, could your forms account for that type of situation?

"A: Yes."

Similarly, a deputy with the Sedgwick County Sheriff's Office testified on April 24, 2019—again without objection from Marquez' counsel—as follows:

"Q: As part of your training and experience through the offender registration unit, are you familiar with what constitutes a residence that would trigger an offender to have to report that residence?

"A: I believe a residence is defined as any place that anyone stays or has established his residency by staying there for a longer period that 24 hours by statute. However, individuals can register as homeless. So it's not so much where they live. It's the fact that they have to register and let us know where they are staying."

In light of the entire record—including the evidence regarding where Marquez was living and the testimony regarding when an offender is to register—we do not find a reasonable probability that including the statutory definitions of "reside" and "residence" in Instruction No. 4 affected the jury's verdict.

In addition, Marquez challenges the constitutionality of K.S.A. 2018 Supp. 22-4902 itself. Specifically, he argues that the statutory definitions of "residence" and "reside" are facially unconstitutional. Unlike his objection to Instruction No. 4, Marquez did not raise this issue below. Whether an issue has been properly preserved for appeal is a question of law that this court reviews de novo. *State v. Haberlein*, 296 Kan. 195, 203, 290 P.3d 640 (2012).

9

Generally, an issue is not preserved for appeal unless it is first presented to the district court. *State v. Cheffen*, 297 Kan. 689, 696, 303 P.3d 1261 (2013). There are three exceptions to the general rule: (1) it involves a pure legal question arising on proved or admitted facts that's finally determinative of the case, (2) considering it is necessary to serve the ends of justice or prevent the denial of fundamental rights, or (3) the district court was right for the wrong reason. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Here, we may consider this issue because it implicates a fundamental due process right and, as such, a decision on the merits would serve the ends of justice.

Turning to the merits, we note that Marquez again focuses on the language of K.S.A. 2018 Supp. 22-4902(j), which states: "It shall be presumed that an offender resides at any and all locations where the offender stays, sleeps, or maintains the offender's person for three or more consecutive days or parts of days, or for ten or more nonconsecutive days in a period of 30 consecutive days." Similar to his argument relating to Instruction No. 4, Marquez suggests that this statutory language creates a mandatory presumption in violation of the constitutionality.

Whether a statute is constitutional presents a question of law subject to unlimited review. *State v. Williams*, 308 Kan. 1439, 1460, 430 P.3d 448 (2018). In reviewing a statute, we usually presume that it is constitutional and we must resolve all doubts in favor of its validity. In other words, we have a duty to interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the Kansas Legislature's intent in enacting the statute. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018). The party challenging the constitutionality of a statute—in this case Marquez—has the burden of overcoming the presumption of constitutionality. 307 Kan. at 579.

As discussed above, the challenged statutory definitions do not relieve the State of its burden of proof on any element of an offender registration violation. Likewise, the

10

definitions do not shift the burden of proof to the defendant. Instead, the language clarifies how to determine where an offender resides for the purposes of applying the registration statute. As a result, we also reject Marquez' constitutional challenge to the statutory definitions for the same reasons that we rejected his challenge to Instruction No. 4. We, therefore, affirm Marquez' conviction for violating the offender registration statute.

Affirmed.