NOT DESIGNATED FOR PUBLICATION

No. 120,550

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALONZO HILL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion on remand filed
November 13, 2020. Reversed and remanded with directions.

*David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellant.

*Kaitlin M. Dixon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.


PER CURIAM:  Alonzo Hill was convicted of various drug crimes and sentenced to
prison, but the district court granted him a dispositional departure and placed him on
probation. After violating his probation, the district court revoked Hill's probation and
ordered him to serve the remainder of his underlying sentence without first imposing
intermediate sanctions.

On appeal, Hill argued that the district court violated the Ex Post Facto Clause by
relying on a statute that was not in effect when he committed his crimes to revoke his
probation. This court issued an opinion on January 24, 2020, finding that Hill did not

1

raise this argument with the district court and did not argue that an exception applied that allowed him to raise it for the first time on appeal as required by *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). *State v. Hill*, No. 120,550, 2020 WL 398639, at *2 (Kan. App. 2020) (unpublished opinion). As a result, we found that the issue was not properly preserved for appeal. But following the grant of a petition for review summarily vacating our *Hill I* opinion, the Supreme Court has remanded the case to us and ordered us to reconsider our decision "in light of K.S.A. 2019 Supp. 22-3504 [illegal sentence can be corrected at any time] and *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020) [statute in effect at time of commission of crime of conviction governs sanctions that can be imposed for violation of probation]." Because we are bound by the direction from the Supreme Court, we now reconsider our prior decision and find that we must reverse the district court's judgment revoking probation and remanding Hill to prison for the balance of his terms and remand the case to the district court for consideration of the appropriate sanctions, if any, under K.S.A. 2015 Supp. 22-3716.

FACTUAL AND PROCEDURAL HISTORY

In 16CR311 (Case 1), the State charged Hill with possession with intent to distribute marijuana, a drug felony. In 16CR606 (Case 2), the State charged Hill with possession with intent to distribute methamphetamine or heroin, criminal possession of a firearm, and criminal use of a weapon. All offenses in both cases occurred in May 2016.

The State and Hill reached a plea agreement where Hill would enter a no-contest plea to the charge in Case 1 and to the possession with intent to distribute charge in Case 2. In return, the State would dismiss the remaining charges in Case 2 and would dismiss a third case which is not involved in this appeal. Additionally, the State would not oppose Hill's motion seeking a dispositional departure at sentencing.

2

At sentencing, in July 2018, the district court granted Hill's motion for a dispositional departure. The court sentenced him in Case 1 to an underlying prison sentence of 59 months but placed him on probation. The court imposed the same sentence in Case 2 and imposed the sentence consecutive to the sentence in Case 1.

The State moved to revoke Hill's probation in October 2018. According to Hill's intensive supervision officer, Hill failed to report as directed in August 2018 and October 2018 and did not follow recommendations after participating in a drug and alcohol evaluation.

After a hearing on the motion, the district court revoked Hill's probation and ordered him to serve a modified controlling sentence of 59 months imprisonment—in effect reducing Hill's sentence by half. Hill timely appeals the revocation of his probation. His cases are consolidated on appeal.

ANALYSIS

When Hill violated his probation, district courts were required to impose intermediate sanctions on a probation violator. See K.S.A. 2018 Supp. 22-3716(c)(1). But the district court could bypass the imposition of intermediate sanctions and require a violator to serve the remainder of his or her underlying sentence, if "the probation . . . was originally granted as the result of a dispositional departure granted by the sentencing court." K.S.A. 2018 Supp. 22-3716(c)(9)(B). This change in the law became effective in July 2017. L. 2017, ch. 92, § 8. Hill committed his crimes in May 2016. He entered his pleas in April 2018. He was sentenced in July 2018, and the motion to revoke his probation was filed in October 2018. Hill was ordered to serve his underlying sentence, without first having served an intermediate sanction. Although it is not clear from the record why the district court bypassed intermediate sanctions, Hill contends it was because he received probation as part of a dispositional departure, implicating K.S.A.

3

2018 Supp. 22-3716(c)(9)(B). At the hearing, the State argued that "there's no need for the dip or dunk since the order had a dispositional departure." And defense counsel agreed.

On appeal, Hill argues the district court violated his constitutional rights when it applied a statutory amendment that was not in effect when he committed his crimes. See *State v. Kurtz*, 51 Kan. App. 2d 50, 55, 340 P.3d 509 (2014) (holding that defendant's sentence is generally governed by criminal statute in effect on date defendant committed crime). Hill asserts that revocation of his probation without imposing the intermediate sanctions required when he committed his crimes violates his rights under the Ex Post Facto Clause of the United States Constitution. U.S. Const. Art. I, § 10 ("No State shall . . . pass any . . . ex post facto Law.").

The retroactive application of K.S.A. 2018 Supp. 22-3716(c)(9)(B) was decided by our Supreme Court after our initial opinion in this case was filed. In *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020), our Supreme Court held that K.S.A. 2017 Supp. 22-3716(c)(9)(B), which allows a trial court to revoke a probationer's probation without first imposing graduated sanctions if the probation was granted as a result of a dispositional departure, "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017."

Because Hill's crime of conviction occurred before July 1, 2017, the district court was required to consider the intermediate sanctions required by K.S.A. 2015 Supp. 22-3716. Those sanctions did not contain an exception in the case of a dispositional departure. Accordingly, we reverse the district court's judgment revoking probation and remanding Hill to prison for the balance of his terms and remand the case to the district court for consideration of the appropriate sanctions, if any, under K.S.A. 2015 Supp. 22-3716.

Reversed and remanded with directions.