NOT DESIGNATED FOR PUBLICATION

No. 121,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT PITTENGER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed October 30, 2020. Affirmed.

*Blake A. Robinson*, of Manhattan, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM: After a bench trial, Scott Pittenger was convicted of misdemeanor possession of drug paraphernalia. On appeal, Pittenger contends that his conviction must be vacated because he was deprived of his constitutional right to a jury trial. However, a review of the record reflects that Pittenger did not properly preserve this issue for appeal because he failed to raise it with the district court. Moreover, he has failed to provide a reason why this court should address the issue for the first time on appeal as required by Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34). In addition, even if Pittenger had preserved this issue for appeal, we find that he was not entitled to a jury trial due to the nature of the crimes charged. Thus, we affirm.

1

On September 2, 2018, Officer Jason Powell served a warrant on Pittenger while he was painting the Columbian Theater in Wamego. In a search incident to arrest, Officer Powell found a small object—identified as a thimble—that appeared to have drug residue inside. Officer Powell also noticed that the thimble had a hole that appeared to be drilled in the bottom.

The State charged Pittenger with possession of drug paraphernalia in violation of K.S.A. 2018 Supp. 21-5709(b)(2). Although he initially waived his right to counsel, an attorney was appointed to represent him after the State amended the complaint to add a charge of possession of Tetrahydrocannabinol (THC) in violation of K.S.A. 2018 Supp. 21-5706(b)(7) and (c)(3)(A). On June 26, 2019, the district court held a bench trial on both charges.

At trial, a forensic scientist with the Kansas Bureau of Investigation testified that the residue inside the thimble tested positive for THC. Likewise, his laboratory report was admitted into evidence. In addition, Officer Powell testified regarding the execution of the warrant and his observations of the items confiscated during the arrest. He also testified about his training and experience that led him to believe the thimble contained residue of burnt marijuana and that it had been modified for use as drug paraphernalia.

After hearing the testimony presented at trial, the district court convicted Pittenger of possession of drug paraphernalia but acquitted him on the possession of THC charge. The district court then sentenced Pittenger to 48 hours in jail and imposed courts costs of $158. Thereafter, Pittenger filed a timely notice of appeal.

ANALYSIS

On appeal, Pittenger contends for the first time that he was denied his constitutional right to a jury trial. As a general rule, we do not review constitutional grounds for reversal raised for the first time on appeal. See *State v. Becker*, 311 Kan. 176, 186, 459 P.3d 173 (2020). However, there are several exceptions to this rule, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Patterson*, 311 Kan. 59, 62, 455 P.3d 792 (2020).

In order to invoke an exception to the general rule, Kansas Supreme Court Rule 6.02(a)(5) requires an appellant to explain why an issue was not raised below and to provide a reason why it should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court warned that an appellant who fails to comply with this rule risks having the newly asserted argument deemed to be waived or abandoned. Furthermore, our Supreme Court has held that Rule 6.02(a)(5) is to be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Here, Pittenger has failed to comply with Rule 6.02(a)(2). First, he has failed to offer any explanation why he did not raise this issue below. Second, he has failed to provide a reason why we should consider this issue for the first time on appeal. Accordingly, we find that Pittenger failed to preserve the jury trial issue for appeal and we deem this argument to be waived or abandoned.

Even if Pittenger had preserved this issue for appeal, we also find that his argument fails on the merits. In particular, Pittenger has failed to show that he had the right to a trial by jury for these charges under the circumstances presented in this case. Although both the Sixth Amendment of the United States Constitution as well as § 5 of the Kansas Constitution Bill of Rights grant a criminal defendant the right to a jury trial, it is important to recognize that this right is not unlimited.

As the United States Supreme Court has held, when defendants are charged with "serious" crimes, they have a right to a jury trial. See *Baldwin v. New York*, 399 U.S. 66, 68-69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). In contrast, when defendants are charged with "petty" offenses, they have no right to a trial by jury. See *Duncan v. State of Louisiana*, 391 U.S. 145, 160, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968); *State v. Shannon*, 258 Kan. 425, 435-36, 905 P.2d 649 (1995). Moreover, the seriousness of a crime is based on the possible punishment that could be imposed. *Duncan*, 391 U.S. at 159-61.

In the present case, the State charged Pittenger with two misdemeanors. Each of these offences carried a maximum punishment of six months in jail. See K.S.A. 2018 Supp. 21-5709(b)(2) (possession of drug paraphernalia); K.S.A. 2018 Supp. 21-5706(b)(7) and (c)(3)(A) (possession of THC); K.S.A. 2018 Supp. 21-6602(a)(2) (restricting the maximum term of confinement for class B misdemeanors to six months). As such, because the charges brought against Pittenger were "petty offenses" as defined by Kansas law, he did not have a constitutional right to a jury trial for these offenses. See *Duncan*, 391 U.S. at 159-61; *Shannon*, 258 Kan. at 435-36; *State v. Woolverton*, 52 Kan. App. 2d 700, 701-02, 371 P.3d 941 (2016).

Although Pittenger suggests that he should be entitled to a jury trial because he was facing a possible sentence of up to 12 months if he had been convicted of both charges, an aggregation of sentences from several offenses which surpasses 6 months is not sufficient to establish the right to a jury trial. See *Lewis v. United States*, 518 U.S. 322, 330, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996). We note that the presumption that an offense is a petty offense can be rebutted when an offense carries extra penalties that could transform a charge into a serious offense. See *Blanton v. North Las Vegas*, 489 U.S. 538, 543, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989). To do so, it must be shown that the extra penalties are severe enough to result in a serious offense. *Blanton*, 489 U.S. at 543.

In this case, Pittenger has not attempted to make such a showing. Instead, he argues that the crime of possession of THC should be considered a serious offense because a conviction could possibly affect his criminal history should he be convicted in the future of possession of THC or marijuana. However, we find this argument to be moot under the circumstance presented in this case because the district court acquitted Pittenger of the charge of possession of THC. Thus, he does not face this risk.

We recognize that had Pittenger complied with the provisions of K.S.A. 22-3404, he could have requested a jury trial in this case. K.S.A. 22-3404(1) provides that a defendant must affirmatively request a jury trial for a petty offense "not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel." Here, Pittenger makes no claim that he requested a jury trial under K.S.A. 22-3404(1), and we find no such request in the record on appeal.

In summary, we find that Pittenger has failed to explain why he did not raise the issue in front of the district court. Likewise, we find that he has not provided any reasons why this issue should be considered for the first time on appeal. As such, pursuant to Rule 6.02(a)(5), we conclude that Pittenger has waived or abandoned his claim of a

constitutional right to a jury trial in this case. We also find that Pittenger's argument fails on the merits because he has failed to establish that he had the right to a jury trial on the crimes charged in this case. For these reasons, we affirm Pittenger's conviction.

Affirmed.