NOT DESIGNATED FOR PUBLICATION

No. 124,026

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAY ANTHONY MILES,
*Appellant,*

v.

SHAWNEE COUNTY DEPARTMENT OF CORRECTIONS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed April 1, 2022. Affirmed.

*Ray Anthony Miles*, appellant pro se.

*Jonathan Brzon*, assistant county counselor, for appellee.

Before BRUNS, P.J., HURST, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Ray Miles filed a petition against Shawnee County Department of Corrections (Shawnee County DOC), seeking $2 million in monetary damages for various alleged Eighth Amendment violations. The district court dismissed Miles' claims for failure to exhaust his administrative remedies and lack of personal jurisdiction. Miles appeals, alleging: (1) The district court erred in granting the Shawnee County DOC's motion to dismiss for failure to exhaust administrative remedies, (2) he had a right to trial and a hearing that was improperly denied, and (3) the district court engaged in judicial

1

misconduct by failing to timely rule on his response to the Shawnee County DOC's motion to dismiss. This court finds no error and affirms the district court's dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

Miles is currently incarcerated at the Shawnee County DOC. On November 12, 2020, Miles filed a pro se petition against "Shawnee County (DOC)" seeking $2 million in damages for various alleged Eighth Amendment violations. On December 16, 2020, the Shawnee County DOC, legally named "the Board of County Commissioners of the County of Shawnee, Kansas," filed a motion to dismiss—alleging Miles failed to exhaust administrative remedies and his petition lacked personal jurisdiction because he failed to name a government entity eligible for suit.

Miles filed a motion requesting a hearing on his petition, stating he planned to bring evidence that would "show [he] tried to have the administration solve this problem" before filing his petition with the court. The district court granted Miles an additional 14 days to respond to the Shawnee County DOC's motion to dismiss, stating it would consider the motion unopposed and grant it if no response was filed by February 25, 2021. The district court's order also addressed Miles' motion requesting a hearing, stating it would "be denied at this time" and that after Miles responded to the motion to dismiss, "the Court [would] consider whether a hearing [was] necessary."

On February 24, 2021, Miles responded by opposing the motion to dismiss and stated that he "filed [a] request form and grievance and never got them back, but [he] did get some back." Miles reiterated his alleged Eighth Amendment violations and stated he had a right to be heard and have "[his] day in court." On March 22, 2021—26 days after Miles filed his response—the district court issued an order granting the Shawnee County DOC's motion to dismiss for Miles' failure to prove exhaustion of administrative remedies and for lack of personal jurisdiction. In the order, the district court also noted

2

"Miles requested a hearing. The request for hearing on the motion and/or the petition is denied; it would not materially aid the Court in making its decision. See Kansas Supreme Court Rule 133(c)(1)." Miles appeals.

DISCUSSION

Miles appeals the dismissal of his petition seeking monetary damages against the "Shawnee County (DOC)." Miles' appeal conflates and intertwines several arguments, and this court has done its best to identify the specific issues on appeal and will address them as three separate issues:

- Did the district court err by granting the Shawnee County DOC's motion to dismiss for failure to exhaust administrative remedies?
- Did the district court err in denying Miles a hearing?
- Did the district court engage in judicial misconduct by failing to timely rule on Miles' response to the Shawnee County DOC's motion to dismiss?

As explained below, the district court did not err in dismissing Miles' petition without a hearing and its dismissal is affirmed.

I.      *Miles failed to demonstrate exhaustion of administrative remedies*.

On appeal, Miles incorrectly contends that he was not required to exhaust administrative remedies because he solely sought monetary damages. While Miles did not assert this exact reason to the district court, he did argue to the district court that he attempted administrative redress and was entitled to put forth evidence of exhaustion prior to dismissal. Because Miles is a pro se litigant requiring this court to liberally construe his pleadings and he addressed this issue generally with the district court—and resolution of the matter is determinative of Miles' claims—this court will address this specific argument. Questions of whether a party must, or has exhausted administrative

3

remedies is a question of law over which this court has unlimited review. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 457, 284 P.3d 337 (2012).

On appeal Miles relies on *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), to argue that an incarcerated person seeking only monetary relief need not exhaust administrative remedies—but that reliance is misplaced because *McCarthy* was superseded by the Prison Litigation Reform Act (PLRA) of 1995. *Booth v. Churner*, 532 U.S. 731, 739-41, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Supreme Court held that incarcerated persons "must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006.)

In fact, both federal and state statutes require incarcerated persons to exhaust administrative remedies before filing a civil claim against state actors or prison officials. See 42 U.S.C. § 1997e(a) (2018); K.S.A. 75-52,138. The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The corresponding Kansas statute provides that an incarcerated person filing *any* civil action against the state, its political subdivisions, or prison officials "shall have exhausted [their] administrative remedies." K.S.A. 75-52,138. It is clear both the PLRA and Kansas law required Miles to exhaust administrative remedies prior to filing his petition, regardless of whether he sought solely monetary damages.

Unfortunately for Miles, he failed to provide sufficient information to establish he exhausted his administrative remedies. Miles could demonstrate exhaustion by including evidence of when the incidents leading to grievances occurred, whether and when grievances were filed, whether the grievances followed the correct processes or were

4

appealed to all available levels, and if any equitable considerations exist. See *Sperry v. McKune*, 305 Kan. 469, 487-88, 384 P.3d 1003 (2016). As a pro se litigant, this court allows some leeway in pleading formalities, but that leniency is not limitless. See 305 Kan. at 490 (requiring pro se litigants to still follow procedural rules). In Miles' initial petition he alleges the Shawnee County DOC denied his grievance process—but failed to provide any information about his attempts to use the grievance processes or elaborate on how he was denied access. In his motion requesting a hearing, Miles claimed his evidence at the hearing would show that he "tried to have the administration solve this problem [another] way before [he] came before the court." Miles did not explain what this evidence would be or how he tried to address his problem prior to filing his petition. Finally, in Miles' response to the motion to dismiss, he alleges he filed a "request form and grievance and never got them back, but [he] did get some back." Miles did not attach any documentation to his response about his request form or grievance, nor did he provide any further details about these filings. Under these facts, it cannot be shown Miles sufficiently exhausted available administrative remedies. The district court did not err in dismissing Miles' petition for failure to exhaust administrative remedies.

II.  *The district court did not err by dismissing Miles' petition without a trial or hearing.*

On appeal Miles argues that K.S.A. 60-239, section 10 of the Kansas Constitution Bill of Rights, and the Fourteenth Amendment to the United States Constitution all provide him a right to a trial or hearing, and that the district court's dismissal of his petition without a hearing violated his due process rights. Miles' statutory argument appears loosely related to his arguments to the district court that "[a] judge must give a plaintiff the right to be heard," and that Miles "want[s] my day in court just like the law says."

5

Miles argues that K.S.A. 60-239 confers a right to a trial by jury when a demand for such is made. In relevant part, the statute provides:

"(a) *When a demand is* made. When a jury trial has been demanded under K.S.A. 60-238, and amendments thereto, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
(1) The parties or their attorneys file a stipulation to a nonjury trial, or so stipulate on the record; or
(2) the court, on motion, or on its own, finds that on some or all of those issues there is no right to a jury trial under the Kansas constitution or statutes.
"(b) *When no demand is made.* Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." K.S.A 2020 Supp. 60-239(a),(b).

As a preliminary matter, Miles did not demand a jury trial as required by K.S.A. 2020 Supp. 60-239. Additionally, a litigant's right to a jury trial pursuant to K.S.A. 2020 Supp. 60-239 is limited to cases and controversies where the court has not determined "that on some or all of those issues there is no right to a jury trial under the Kansas constitution or statutes." The right to a jury trial does not usurp exhaustion, jurisdiction, or pleading requirements such that every case—regardless of its frivolity—is guaranteed a trial or hearing. In short, it does not prevent dismissal of a case or controversy prior to trial or hearing.

Second, Miles also argues that he "requested to come before the court to present evidence on his behalf" but was denied the opportunity. Although not entirely clear, it appears Miles argues that such denial violated section 10 of the Kansas Constitution Bill of Rights and his due process rights under the Fourteenth Amendment to the United States Constitution. Section 10 of the Kansas Constitution Bill of Rights provides several, enumerated protections—including the right to a speedy public trial by an impartial jury,

and prohibitions against self-incrimination and double jeopardy—all of which protect Kansans' rights in a criminal proceeding, which is inapplicable here.

Even assuming the existence of a constitutional due process right in these circumstances—Miles failed to raise these objections to the district court and this court generally prohibits parties from raising Kansas or United States Constitutional challenges for the first time on appeal without invoking an exception to the general prohibition. See *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010) (explaining the general prohibition against raising state or federal constitutional challenges for the first time on appeal); see also *State v. Godfrey*, 301 Kan. 1041, 1042-43, 350 P.3d 1068 (2015) (finding that an appellant must invoke an exception to the general prohibition against hearing constitutional challenges for the first time on appeal). Miles did not raise his constitutional challenges below and has not cited an exception permitting this court to hear them for the first time on appeal.

Finally, the district court complied with court rules governing a parties' right to a hearing. Kansas Supreme Court Rule 133(c)(1) (2022 Kan. S. Ct. R at 217-18) provides that when a party requests a hearing—as Miles did—the court "must grant a timely request for oral argument *unless it states in the ruling or by separate communication that oral argument would not aid the court materially*." (Emphasis added.) In the district's court's ruling granting the Shawnee County DOC's motion to dismiss, the court addressed Miles' request for a hearing and explained that the hearing "would not materially aid the Court in making its decision." The district court did not err in dismissing Miles' petition without a hearing.

III.    *The district court did not commit judicial misconduct.*

Miles contends that the district court committed judicial misconduct by failing to timely rule on his response to the Shawnee County DOC's motion to dismiss, in violation

7

of Kanas Supreme Court Rule 166(a) (2022 Kan. S. Ct. R. at 234). The Shawnee County DOC initially mischaracterizes Miles' argument on the issue, alleging Miles claims Rule 166 requires a hearing on all motions. While Miles does assert a right to a hearing (as discussed above)—it appears his sole argument on this issue is that the district court's alleged lack of response violated Rule 166(a)'s requirement that the district court "issue a ruling on a civil motion no later than 30 days after the motion's final submission . . . ." Supreme Court Rule 166(a) (2022 Kan. S. Ct. R. at 234). This court exercises unlimited review over judicial misconduct claims, considering the particular facts and circumstances surrounding the allegation. *State v. Boothby*, 310 Kan. 619, 624, 448 P.3d 416 (2019).

Miles responded to the Shawnee County DOC's motion to dismiss on February 24, 2021, and argues on appeal that the district court never answered or ruled on that motion. The district court issued an order granting the motion to dismiss on March 22, 2021. As the Shawnee County DOC correctly notes—the district court's dismissal order came 26 days after Miles' response was filed—adequately complying with Rule 166(a)'s 30-day response requirement. Moreover, the district court's dismissal order directly addresses Miles' response to the motion to dismiss. The order notes that Miles filed a response entitled "'Reason Not to Dismiss Case'" and addresses Miles' arguments in his response. It is clear the district court did not violate Rule 166(a) and timely issued an order addressing both the Shawnee County DOC's motion to dismiss and Miles' response.

IV.   *The district court did not err in dismissing Miles' petition on the alternative basis of lack of personal jurisdiction.*

In the alternative, the Shawnee County DOC contends that the district court properly dismissed Miles' petition for lack of personal jurisdiction. It further argues that because Miles did not challenge the district court's alternative basis for dismissal, this court can decline to address Miles' overall challenge to the district court's ruling on

appeal. However, as this court must liberally construe pro se filings, giving effect to the content rather than form, it will analyze the district court's dismissal for lack of personal jurisdiction because Miles asserts his petition was wrongly dismissed. See *Neloms v. State*, No. 122,808, 2021 WL 1826873, at \*4 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. 855 (2022).

This court reviews a district court's dismissal for lack of personal jurisdiction de novo, reviewing the law and facts anew. When a motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings and without an evidentiary hearing, this court must resolve all factual disputes in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 270, 275 P.3d 869 (2012). Here, the district court found there was a lack of personal jurisdiction over the named defendant—the Shawnee County DOC—because it is "not a government entity subject to suit."

Kansas law bars suits against subordinate government agencies in the absence of statutory authorization. *Lindenman v. Umscheid*, 255 Kan. 610, 628-29, 875 P.2d 964 (1994); *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985). However, such authority can be implied rather than express. See *Lindenman*, 255 Kan. at 629. The district court explained that the Shawnee County DOC, which appears to be the entity Miles named as a defendant, is a subordinate agency of Shawnee County. This court finds no express statutory authority granting the "Shawnee County (DOC)" eligibility for suit, and Miles makes no arguments that such authority is implied. Moreover, Miles did not attempt to amend his petition to include a different government agency. Resolving all factual disputes in Miles' favor, Miles did not make a prima facie showing of personal jurisdiction over the "Shawnee County (DOC)." The district court did not err in dismissing Miles' petition on the alternative basis of lack of personal jurisdiction.

CONCLUSION

The district court properly dismissed Miles' petition for failure to exhaust administrative remedies and, in the alternative, for lack of personal jurisdiction.

Affirmed.