NOT DESIGNATED FOR PUBLICATION

No. 124,354

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MANUFACTURER'S TECHNICAL INSTITUTES, INC. d/b/a PINNACLE CAREER INSTITUTE,
*Appellant*,

v.

LARIS DOTSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed July 15, 2022.
Appeal dismissed.

*Spencer A. Low* and *Byron A. Bowles*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City,
for appellant.

*Joseph M. Backer*, of The Backer Law Firm, LLC, of Independence, Missouri, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Laris Dotson originally filed a lawsuit against Manufacturer's
Technical Institutes, Inc., d/b/a Pinnacle Career Institute (Pinnacle), in Jackson County,
Missouri. Evidently, Dotson sought relief under the Missouri Merchandising Practices
Act, Mo. Rev. Stat. § 407.010 et seq. The Circuit Court of Jackson County, Missouri,
stayed the case, and Pinnacle filed a declaratory judgment action in the District Court of
Johnson County, Kansas. In its petition, Pinnacle sought to compel arbitration.

1

The district court denied Pinnacle's request to compel arbitration under the Kansas Uniform Arbitration Act, K.S.A. 2021 Supp. 5-423 et seq. The district court also found that the parties' underlying claims should proceed in the Missouri action. On appeal, Pinnacle argues for the first time that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (2018), preempts the Kansas Uniform Arbitration Act. In addition, Pinnacle argues that the district court erred in ruling that the claims asserted in the Missouri lawsuit were based in tort. For the reasons set forth in this opinion, we dismiss this appeal based on Pinnacle's failure to preserve its argument on appeal of the first issue and for failure to present an adequate record to allow us to resolve the second issue.

FACTS

Pinnacle's parent company is a Missouri corporation with its corporate offices located in Kansas. Under the Pinnacle name, the corporation conducts various educational programs. Pinnacle enrolls students in both Kansas and Missouri. Until 2017, Pinnacle had locations in both states.

On March 10, 2014, Dotson enrolled in a 12-month Personal Trainer Certification Program at Pinnacle. Dotson completed and signed the enrollment agreement in Missouri. As part of the enrollment agreement, the parties agreed to arbitrate "all controversies, disputes or claims under this Agreement and any other disputes or claims of any kind or nature that in any way relate to enrollment and/or attendance at School." Specifically, the parties agreed:

> "ARBITRATION: The Student and the School agree that all controversies, disputes or claims under this Agreement and any other disputes or claims of any kind or nature that in any way relate to enrollment and/or attendance at School, that are not resolved through School's internal student complaint process, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by an arbitrator may be entered in any court

2

having jurisdiction thereof. This includes both any claims by the School against the Student and any claims by the Student against the School or against their respective directors, officers, employees, volunteers, agents, instructors, contractors, and representatives and affiliated entities.

"Claims shall be heard by a single arbitrator and each arbitration shall involve only a single student, unless otherwise agreed to by the parties. There shall be no class actions or any other type of claim asserted on behalf of more than a single student. The arbitrator shall be an attorney with an AV rating from Martindale Hubbell and/or a former judge from a court of general civil jurisdiction. The place of arbitration shall be Johnson County, Kansas, unless otherwise agreed to by the parties. The arbitration shall be governed by the laws of the State of Kansas, to the extent that the Federal Arbitration Act does not apply and control. Each party shall bear its own costs and expenses and an equal share of the arbitrators' and administrative fees of arbitration, unless otherwise ordered by a Court of Law or by an arbitrator. This Arbitration Provision shall not preclude either the School or the Student from seeking provisional remedies pending arbitration from a court of appropriate jurisdiction."

The following notice appeared on the enrollment agreement directly above Dotson's signature: "THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

Dotson attended Pinnacle's Personal Trainer program in North Kansas City, Missouri. It appears from the record on appeal that he attended the program from March 10, 2014, until May 9, 2015, and successfully graduated from the program. Although the exact nature of the dispute is unclear from the record, it is undisputed that Dotson filed a civil complaint against Pinnacle in Jackson County, Missouri, on August 28, 2019, in which he asserted claims for relief under the Missouri Merchandising Practices Act. Unfortunately, neither the complaint nor other pleadings from the Missouri action are included in the record on appeal.

In response to the complaint, Pinnacle filed a motion to dismiss or stay the proceedings and compel arbitration. On January 9, 2020, the Jackson County Circuit Court denied Pinnacle's motion to dismiss and compel arbitration, ruling that the motion to compel arbitration is a matter that must be addressed by the Kansas courts. As such, it agreed to stay the proceedings to allow the parties to proceed in Kansas. Pinnacle then filed this action in the District Court of Johnson County, Kansas. In its petition, Pinnacle sought a declaratory judgment, injunctive relief, and damages for breach of contract. In the alternative, Pinnacle sought to compel arbitration.

On June 16, 2020, Pinnacle filed a motion to compel arbitration in the district court. In response to Pinnacle's motion, Dotson argued—among other things—that the version of the Kansas Uniform Arbitration Act in effect at the time the parties entered into the enrollment agreement prohibited the arbitration of tort claims. In response, Pinnacle argued—among other things—that the arbitration agreement is enforceable. However, neither party asserted arguments to the district court regarding federal preemption.

On March 24, 2021, the district court held a hearing on Pinnacle's motion. Although the district court denied the motion to compel arbitration from the bench, a journal entry was not filed until July 14, 2021. In the journal entry, the district court determined that the motion to compel arbitration should be denied and further found that the other claims stated in the petition were moot. In support of this determination, the district court found that the version of the Kansas Uniform Arbitration Act in effect at the time the parties entered into the enrollment agreement controlled and, as such, tort claims were not subject to arbitration. Furthermore, the district court found that Dotson's claims under the Missouri Merchandising Practices Act constitute tort claims. The district court did not address the Federal Arbitration Act. Ultimately, the district court found that "[t]his matter should proceed back to the Missouri Court that has jurisdiction to resolve all issues and disputes between the Parties."

4

ANALYSIS

Pinnacle filed this appeal pursuant to K.S.A. 2021 Supp. 5-450(a)(1), which provides a right to appeal from the denial of a motion to compel arbitration. For the first time on appeal, Pinnacle argues that the Federal Arbitration Act preempts the Kansas Uniform Arbitration Act. In response, Dotson claims that Pinnacle failed to preserve this issue for appeal. Dotson accurately points out that Pinnacle failed to raise the federal preemption issue below. In addition, Dotson argues that Pinnacle has failed to comply with Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35), which requires a party to explain why an issue presented for the first time on appeal is properly before our court. In a reply brief, Pinnacle asserted that the Federal Arbitration Act was "sufficiently discussed" below, but it fails to support this assertion by pointing to any argument that it made in support of federal preemption at the district court level. Pinnacle claimed that Rule 6.02(a)(5)—which allows appellate courts to consider certain issues of law for the first time on appeal—was not implicated. However, in the alternative, Pinnacle claimed that this court could address the federal preemption issue on appeal because it is a matter of law.

A review of the record on appeal reveals that neither party presented the issue of federal preemption to the district court. Moreover, during the motion hearing, the district court stated: "And if we were operating under the [Federal Arbitration Act], which I don't believe we are, that would take us down a different path. So, I'm not going to go down that path since everybody's pointing to the Kansas Uniform Arbitration Act." The record also reveals that Pinnacle did not object to the district court's summation that the issue presented was whether the Kansas Uniform Arbitration Act applied. Furthermore, as discussed above, the district court did not mention the Federal Arbitration Act in its journal entry nor did it address the issue of federal preemption.

As discussed by the Kansas Supreme Court in *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019), the exceptions to the general rule that an issue should not be raised for the first time on appeal include: (1) the newly asserted issue involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the consideration of the issue is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. Under the circumstances presented in this case, we do not find that any of these exceptions are applicable. Moreover, even if an exception applies, the decision to review an unpreserved claim under an exception is left to our discretion, and we are under no obligation to consider an issue being raised for the first time on appeal. *State v. Gray*, 311 Kan. 164, Syl. ¶ 1, 459 P.3d 165 (2020).

In its reply brief, Pinnacle suggests that the Federal Arbitration Act was referenced before the district court. Although there are indeed isolated references to the Federal Arbitration Act in the record, we find nothing in the record to establish that the district court was ever asked to apply the provisions of the federal Act in this case. We also find nothing in the record to establish that the issue of federal preemption was ever presented to the district court.

Federal preemption is a constitutional issue, and constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Kansas Supreme Court Rule 165 (2022 Kan. S. Ct. R. at 234) imposes on the district court the duty to provide adequate findings of fact and conclusions of law on the record to explain the court's decision on contested matters. See K.S.A. 2021 Supp. 60-252. Likewise, a party bears the responsibility to object to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged

inadequacies. See *In re Guardianship and Conservatorship of B.H.*, 309 Kan. 1097, 1107-08, 442 P.3d 457 (2019).

If Pinnacle believed that it had adequately argued federal preemption to the district court and the district court failed to rule on that issue, it should have raised the issue at the motion hearing. Even after the journal entry was filed, Pinnacle could have filed a motion to reconsider or taken other steps to give the district court the opportunity to address the federal preemption issue instead of waiting to raise it for the first time on appeal. See K.S.A. 2021 Supp. 60-252; *In re Guardianship and Conservatorship of B.H.*, 309 Kan. at 1107-08 (a party bears the responsibility to object to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies). We find nothing in the record suggesting that Pinnacle asked the district court to make a ruling on federal preemption prior to filing this appeal.

We do not find that simply referencing the Federal Arbitration Act in the enrollment agreement or mentioning it in passing before the district court is the equivalent of raising the issue of federal preemption. Instead, Pinnacle should have presented its federal preemption argument to the district court for resolution in order to preserve it for appeal. Because Pinnacle has not cited any portion of the record where it raised the issue of federal preemption in the district court, we will not consider it for the first time on appeal.

The Kansas Supreme Court has warned that Rule 6.02(a)(5) should be strictly enforced, and the failure "is ignored at a litigant's own peril." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). However, in *Sierra Club v. Mosier*, 305 Kan. 1090, 1100, 391 P.3d 667 (2017), our Supreme Court found that under certain circumstances, a party may be able to cure any failure to comply with Rule 6.02(a)(5) in its reply brief. In particular, a party may be able to do so where there is "no prejudice" to the other party. 305 Kan. at 1100.

Here, we find that Dotson would be prejudiced—and the interests of justice would not be served—if we allowed Pinnacle to proceed on its federal preemption argument in this appeal. In this case, because Pinnacle waited until it filed its reply brief to attempt to cure its failure to comply with Rule 6.02(a)(5), Dotson has not briefed the issue of federal preemption. On the other hand, we do not find that Pinnacle will be prejudiced by our decision declining its invitation to resolve the issue of federal preemption for the first time on appeal because it can raise this argument in the Missouri court once the stay is lifted.

Pinnacle also argues that the district court erred in ruling that the claims asserted by Dotson under the Missouri Merchandising Practices Act were tort claims. However, Pinnacle has failed to include the Missouri civil complaint in the record on appeal. In addition, we have not found any other pleading in the record from the Missouri action to establish the precise nature of Dotson's claims against Pinnacle. The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see also Supreme Court Rule 6.02(a)(4). Unfortunately, Pinnacle has failed to provide an adequate record to allow us to resolve this issue.

Appeal dismissed.