NOT DESIGNATED FOR PUBLICATION

No. 127,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA MITCHELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT G. SCOTT and WAYNE SMITH, magistrate judges. Submitted without oral argument. Opinion filed February 7, 2025. Affirmed.

*Weston R. Moore*, of Moore Law Center, of Olathe, for appellant.

*Maria C. Davies*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: Joshua Mitchell appeals his conviction of driving under the influence of alcohol (DUI) following a bench trial. Mitchell was stopped on the highway for failing to maintain his lane of traffic, and the stop was extended into a DUI investigation after the sheriff's deputy noticed signs of impairment. Mitchell claims the district court erred in denying his motion to suppress because the traffic stop was unlawful and also because the deputy lacked reasonable suspicion to extend the stop to investigate the DUI. He also claims his constitutional and statutory speedy trial rights were violated because of delays caused by the COVID-19 pandemic. As we will explain

1

below, most of Mitchell's issues are not preserved for appellate review and are inadequately briefed. As a result, we find no reversible error and affirm Mitchell's conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2019, Johnson County Sheriff's Deputy Bradley Johnson stopped Mitchell's vehicle on Interstate 35. Johnson later testified that Mitchell's vehicle was swerving on the highway and failing to stay within a single lane. After the stop, Johnson noticed that Mitchell's eyes were bloodshot, watery, and droopy, and that his speech was slow, lethargic, and slurred. Johnson noticed the smell of alcohol. Mitchell admitted to Johnson he drank beer earlier in the evening. After conducting field sobriety tests, Johnson arrested Mitchell for DUI. Mitchell submitted to a breath test which showed a blood-alcohol content (BAC) of .168 within three hours of driving.

On July 29, 2019, the State charged Mitchell with DUI in violation of K.S.A. 8-1567 and with failing to maintain a single lane of traffic in violation of K.S.A. 8-1522. On November 20, 2019, Magistrate Judge Robert G. Scott presided over a suppression hearing, although the motion to suppress is not included in the record on appeal. Both Johnson and Mitchell testified at the hearing.

Johnson testified that he saw Mitchell cross into other lanes of traffic several times, which prompted him to activate his dash cam video and to accelerate to try to catch up with Mitchell. He also testified that Mitchell was driving slowly and braking for no reason. Johnson's dash cam footage was admitted into evidence. Johnson claimed the footage showed Mitchell crossing into other lanes of traffic even after Johnson caught up to Mitchell—a point that Mitchell disputed. Mitchell testified that he never left his lane of traffic but conceded that his tires may have touched the center line between lanes. Mitchell argued Johnson lacked reasonable suspicion to stop him for failing to maintain a

2

single lane of traffic. After hearing the evidence and the arguments of counsel, the district court found there was reasonable suspicion that Mitchell failed to maintain a single lane of traffic and the stop was lawful, emphasizing that the State did not need to prove the traffic violation beyond a reasonable doubt at the suppression hearing.

On August 19, 2020, Judge Scott presided over another suppression hearing, although again the motion to suppress is not included in the record. At the hearing, the district court heard more testimony from Johnson that he stopped Mitchell for failing to maintain his lane and there was nothing impeding traffic. Johnson stated that after stopping Mitchell, he noticed the smell of alcohol, bloodshot, watery and droopy eyes. His speech was slurred and lethargic. Mitchell told Johnson that he had two beers. Johnson recorded the stop on his body camera and the footage was admitted into evidence on the parties' stipulation. Otherwise, the evidence focused on Johnson's administration of field sobriety tests. Mitchell did not testify at this hearing.

At the close of evidence, the State argued that Johnson had reasonable suspicion to stop Mitchell because he was swerving, he smelled of alcohol, had bloodshot and droopy eyes, and lethargic speech. Mitchell argued that "the smell of alcohol, watery eyes, the other things" did not support probable cause to arrest because he could have those traits while under the legal BAC limit. He did not argue reasonable suspicion to investigate DUI and instead focused on probable cause to arrest. The district court denied Mitchell's motion on the ground that his unsafe driving gave Johnson reasonable suspicion that he was impaired, and that Johnson had probable cause to arrest for DUI due to the bloodshot eyes, the late time of day, the unsafe driving, and the result of field sobriety tests.

The district court held a bench trial on January 27, 2022, again presided over by Judge Scott. Johnson was the only witness to testify. The district court found Mitchell guilty of DUI but not guilty of failing to maintain a single lane. The DUI conviction was

3

later set aside by agreement of the parties because a transcript of part of the trial was lost and could not be recreated, impairing Mitchell's ability to appeal his conviction.

The district court held a bench trial on September 14, 2023, this time presided over by Magistrate Judge Wayne Smith. Johnson recounted that he pulled Mitchell over for failing to maintain his lane. But on cross-examination, the following exchange occurred:

> "Q. [Defense counsel]: Okay. Now, when you say cross, do you mean his tires crossed or that his mirror on the driver's side of the vehicle was over the plane of the white dash line?
>
> "A. [Deputy Johnson]: His tires are on top of the white line.
>
> "Q. So not actually crossing into the other lane, but one or more of his tires touched the white dashed line?
>
> "A. He is driving on the white line, yes.
>
> . . . .
>
> "Q. The reason—is it true that you believe to violate that statute required any movement of him out of the lane by any means whatsoever by any distance whatsoever?
>
> "A. Yes, driving on the white lines or over them is failing to maintain your lane."

Johnson testified that after the stop, he noticed Mitchell's bloodshot, watery, and droopy eyes, and that his speech was slow, lethargic, and slurred and considered those as signs of impairment. He smelled alcohol on Mitchell, who admitted he had been drinking and had two beers. Johnson testified that Mitchell failed the standardized field sobriety tests. The State also presented testimony that Mitchell submitted to a breath test which showed a BAC of .168 within three hours of driving. Mitchell did not object to the admission of any of this evidence at trial. After hearing the evidence, the district court found Mitchell guilty of DUI and sentenced him to a 6-month jail term but granted probation for 12 months. Mitchell timely appealed the district court's judgment.

DID THE DISTRICT COURT ERR IN DENYING MITCHELL'S MOTION TO SUPPRESS?

Mitchell claims the district court erred in denying his motion to suppress on the ground that Johnson lacked reasonable suspicion to stop Mitchell for failing to maintain his lane of traffic. The State argues that the stop, detention, and seizure were lawful.

"On a motion to suppress, an appellate court generally reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and reviews the ultimate legal conclusion de novo." *State v. Cash*, 313 Kan. 121, 125-26, 483 P.3d 1047 (2021). When applying this standard, an appellate court does not reweigh evidence, assess witness credibility, or resolve conflicting evidence. *State v. Vonachen*, 312 Kan. 451, 463-64, 476 P.3d 774 (2020).

As a threshold issue, we must address whether this issue is preserved for appeal. Generally, when the district court has denied a motion to suppress, the moving party must still object to the introduction of that evidence at the time it was offered at trial or make a standing objection to preserve the issue for appeal. *State v. Davis*, 312 Kan. 259, 273, 474 P.3d 722 (2020). Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) requires an appellant to provide in the brief a pinpoint citation to the location in the record where each issue was raised and ruled on below or must otherwise explain why the issue is properly before this court. Mitchell fails to address preservation at all in his brief.

K.S.A. 60-404 provides:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

Generally, to preserve this issue for appeal, Mitchell must have either lodged a continuing objection below or objected to the admission of the evidence at trial. Although Mitchell raised this suppression issue below in a pretrial motion to suppress, he does not show, or even allege, that he lodged a continuing objection, nor that he objected at trial during Johnson's testimony. An appellate court need not scour the record to determine whether an evidentiary issue is preserved with an objection below. See *Ellie v. State*, 312 Kan. 835, 839-40, 481 P.3d 1208 (2021). Still, our review of the record does not reveal any contemporaneous objection to the evidence at Mitchell's trial or a continuing objection on the grounds covered in pretrial hearings. The Kansas Supreme Court has emphasized that the contemporaneous objection rule in K.S.A. 60-404 will be strictly enforced. See *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009). Likewise, our Supreme Court has reiterated that appellate courts should strictly enforce Supreme Court Rule 6.02(a)(5). *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Mitchell had a bench trial and not a jury trial, and the contemporaneous objection rule has sometimes been relaxed in bench trials. In *State v. Spagnola*, 295 Kan. 1098, 1103, 289 P.3d 68 (2012), the same judge ruled on two pretrial suppression motions and also presided over the bench trial, The district court explicitly stated that it understood that future objections would be based on its ruling on the suppression issues and that those issues were clear. At trial, Spagnola objected to one piece of evidence, but not all the relevant evidence, on suppression grounds. Under those circumstances, the *Spagnola* court found a lack of contemporaneous objection did not bar preservation where the district court was attuned to the suppression issues. 295 Kan. at 1103.

But here, a different judge heard the suppression hearings and the bench trial, so the district court's continuity of understanding the issues was broken, unlike in *Spagnola*. And Mitchell does not allege, nor does the record show, any kind of understanding on the basis of future objections as in *Spagnola*. Further muddying the water is that over three years passed between the second suppression hearing in 2020 and the bench trial in 2023,

buttressing the need for a contemporaneous objection to apprise the district court of the suppression issue. Moreover, the evidence at trial was different from the evidence at the suppression hearings. At the suppression hearings, Johnson was firm in his testimony that Mitchell's vehicle crossed into other lanes of traffic several times. But at the bench trial, Johnson testified that Mitchell driving on the white lines, without actually crossing into the other lane, was sufficient to violate the statute and provide grounds for the stop. This is all the more reason to enforce the contemporaneous objection rule to give the district court a chance to adjudicate the issue based on the evidence presented at the trial.

This case is similar to *State v. Tubbs*, No. 118,179, 2019 WL 1868782, at *6 (Kan. App. 2019) (unpublished opinion), where this court declined to find the contemporaneous objection rule was satisfied for these reasons:

> "The facts here are not similar to those in *Spagnola*. First, the trial court never referenced the possibility of future objections and did not indicate that it would reconsider the suppression issue. Second, Tubbs' suppression hearing was years before trial and there is nothing in the record indicating that Tubbs thought a contemporaneous objection was unnecessary under the circumstances. Third, unlike in *Spagnola*, the judge who presided over Tubbs' motion hearing was different than the judge who presided over his trial. Although the trial court never indicated that 'it would alter the rulings previously made during the motion to suppress hearing[,]' a request to alter the ruling was never made. Fourth, unlike *Spagnola*, Tubbs never objected to the statements at trial."

Mitchell argues on appeal that Johnson did not have reasonable suspicion to lawfully stop his vehicle for violating K.S.A. 8-1522, so the evidence should have been suppressed. Although this issue may have been addressed at pretrial hearings, Johnson made no contemporaneous objection to the evidence on this ground at trial. As a result, we find this issue is not preserved for appellate review.

Mitchell also claims on page 4 of his appellate brief, under "STATEMENT OF THE ISSUES," that the district court erred in denying his motion to suppress because Johnson lacked reasonable suspicion to extend the traffic stop to investigate the DUI. We first observe the record is unclear whether Mitchell ever raised this issue in district court as a legal ground for suppressing the evidence. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Although the district court held two suppression hearings, Mitchell has not included any suppression motion in the record on appeal. And it is unclear from the suppression hearing transcripts whether Mitchell ever made this argument in district court as a ground for suppressing the evidence. The party alleging an error has the burden of designating a record that establishes the claimed error. Without such a record, an appellate court presumes the district court's action was proper. *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021); see also Supreme Court Rule 6.02(a)(4), (a)(5) (Appellant has the burden to furnish a sufficient record to support the claims of error; claims of error must be supported with specific citations to the record on appeal.).

But more significantly, as the State points out, Mitchell's brief abandons this claim by presenting no substantive argument on the issue. In the "ARGUMENT AND AUTHORITY" section of his brief, Mitchell argues only that the district court should have suppressed the evidence because the initial stop for failing to maintain a single lane was unlawful. In fact, Mitchell's brief skips from Issue I beginning on page 8 to Issue III beginning on page 14, with no discussion of Issue II. In the brief's "CONCLUSION," Mitchell briefly argues that his bloodshot eyes and the odor of alcohol did not establish reasonable suspicion for Johnson to investigate a DUI, but he cites no legal authority to support his argument. A point raised incidentally in a brief and not argued therein is considered waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). As a result, we decline to address the merits of this issue on appeal.

DID THE DISTRICT COURT DEPRIVE MITCHELL OF HIS
CONSTITUTIONAL AND STATUTORY SPEEDY TRIAL RIGHTS?

Mitchell claims his constitutional and statutory speedy trial rights were violated because of delays caused by the COVID-19 pandemic. The State argues that Mitchell's speedy trial rights were not violated. Whether a defendant's right to speedy trial has been violated is a question of law subject to unlimited review. *State v. Thomas*, 291 Kan. 676, 692, 246 P.3d 678 (2011).

Again, we must first decide whether the issues are preserved for appeal. As with his other claims, Mitchell's brief does not address preservation and does not even try to comply with Supreme Court Rule 6.02(a)(5). The record on appeal appears to lack many filings from the early years of this case. But it does contain a brief order denying Mitchell's motion to dismiss based on a violation of his speedy trial rights under K.S.A. 22-3402. Thus, his statutory claim appears to have been raised below even though the motion is not part of the record. Yet there is nothing in the district court's register of actions or elsewhere in the record on appeal that shows the constitutional speedy trial claims were raised or addressed below. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022).

As the State points out, Mitchell abandons his constitutional claims anyway. When a defendant claims a constitutional speedy trial violation, Kansas applies the factors enumerated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). See *State v. Owens,* 310 Kan. 865, 871-81, 451 P.3d 467 (2019) (applying the *Barker* factors to state and federal constitutional speedy trial claims). Yet Mitchell makes no attempt to argue the *Barker* factors or anything else to support his state or federal constitutional claims. Because Mitchell's constitutional speedy trial claims are raised

9

incidentally and are unsupported by argument or authority, we find he has abandoned the claims. See *State v. Williams*, 298 Kan. 1075, 1083-84, 319 P.3d 528 (2014).

As for Mitchell's statutory claim, it fails on the merits. Since the COVID-19 pandemic, the Legislature has amended K.S.A. 22-3402, the statute granting a statutory speedy trial right, more than once. Subsection (j) was amended in 2021 to state: "The provisions of this section shall be suspended until March 1, 2024, in all criminal cases." K.S.A. 22-3402(j); L. 2021, ch. 12, § 1. And subsection (n) states that amendment is procedural and shall apply retroactively. K.S.A. 22-3402(n). Subsection (m) was amended in 2023 to provide:

> "No time between March 19, 2020, and March 1, 2024, shall be assessed against the state for any reason. Any person arraigned before March 1, 2024, shall be deemed to have been arraigned on March 1, 2024, for the application of the time limitations provided in subsection (a), (b) or (c)." K.S.A. 22-3402(m); L. 2023, ch. 15, § 1.

Mitchell acknowledges the amendments and makes no claim that the State failed to bring him to trial within the time allowed under the suspended statute. Instead, Mitchell argues that it was illogical for the Legislature to suspend statutory speedy trial rights when police officers were still making arrests and criminal defendants were held in jail at risk of infection. He also argues that the amendments suspending his statutory speedy trial rights should not be applied retroactively to his pending case.

These arguments are unpersuasive. The Legislature amended K.S.A. 22-3402 and temporarily suspended statutory speedy trial rights in response to a global pandemic, and Mitchell cites no authority that it lacked the ability to do so. For that matter, the Legislature could repeal K.S.A. 22-3402 if it saw fit to do so, leaving criminal defendants with only constitutional speedy trial rights. And Mitchell's argument on retroactivity relies on the general rule that criminal penalties are based on when the crime was

10

committed. But he does not explain how this rule affects K.S.A. 22-3402, which does not impose a penalty but instead grants a statutory right. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016) (acknowledging the Legislature's ability to express its intent that a statute applies retroactively). We conclude that Mitchell's statutory speedy trial rights were not violated based on the arguments asserted in his brief.

Affirmed.